DaShawn Hayes, State Bar No. 355912
The Hayes Law Firm, A Professional Law Corporation
5757 Wilshire Blvd., Ste 656
Los Angeles, CA 90036
Tel: 323-570-0485
Email: dphayesesquire@gmail.com

Attorneys for Plaintiff, Hirose Enterprises, LLC

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HIROSE ENTERPRISES, LLC<br><br>Plaintiff,<br><br>vs.<br>JOHN HOLIDAY, professionally known as FOREMOST POETS, PARKWOOD ENTERTAINMENT, LLC, SONY MUSIC ENTERTAINMENT, SONY MUSIC PUBLISHING (US), LLC,  and W CHAPPELL MUSIC CORP. d/b/a WC MUSIC CORP.<br><br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT, BREACH OF CONTRACT, ACCOUNTING, UNJUST ENRICHMENT, DECLARATORY JUDGMENT AND LANHAM ACT**<br>**DEMAND OF JURY TRIAL** |

Comes now, Plaintiff, Hirose Enterprises, LLC, by and through its counsel of record who submits its complaint, against Defendants, each of them, and alleges as follow:

### INTRODUCTION

1

### COMPLAINT FOR COPYRIGHT INFRINGEMENT

1.     This is a civil action for the infringement of registered copyrights in violation of The U.S. Copyright Act brought by the Plaintiff, Hirose Enterprises, LLC, (hereinafter referred to as "Plaintiff"), with pendent claims for breach of contract, unjust enrichment, accounting, declaratory judgment, and violation of the Lanham Act to recover compensatory, statutory, injunctive relief and punitive damages as a result of the Defendants' unauthorized exploitation of the copyrighted musical work of Plaintiff.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. 1331, 1332, 1338 and 17 U.S.C. 101, et seq as this action is based upon federal copyright law. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a).

3. This Court has personal jurisdiction over the Defendants as, based on information and belief, each has purposefully committed, within the state, the acts from which Plaintiffs' claim arises and/or committed tortious acts outside California knowing and intending that such acts would cause injury to Plaintiffs within the state. Moreover, Defendants have purposefully availed themselves of the benefits of conducting business within the State of California by directing their activities with respect to the infringing work, including their marketing and promotion of the infringing work, to California residents, who are able to purchase,

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

download and stream the infringing compositions and recordings. Upon information and belief, Defendants, and each of them, have received substantial revenues from their exploitation of the infringing works in California. Furthermore, Defendants conduct continuous, systematic, and routine business within the State of California and/or within this district. Defendants regularly conduct business in Los Angeles, California and Defendants committed the infringing and other tortious conduct underlying Plaintiff's claims in this judicial district. Consequentially, by virtue of their pervasive business contacts and transactions within the State of California, Defendants are constructively aware and can reasonably expect and/or anticipate being sued in this jurisdiction.

4. Venue is proper in this district pursuant to 28 U.S.C. 1391(b)(2) and 1400(a) as a substantial part of the events giving rise to this claim occurred in this district. Defendants regularly conduct business in the Central District of California, State of California and substantial acts of infringement have occurred in this district. Defendants expect or should have reasonably expected their acts to have consequences in this district. Defendants have directed their activities and distribution and marketing of musical recordings to residents of this district and such residents were able to purchase and download infringing musical recordings by way of mechanisms controlled or authorized by the Defendants.

**PARTIES**

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

5. Plaintiff, Hirose Enterprises, LLC, is a limited liability company, licensed to and doing business in the State of California.

6. Defendant John Holiday, professionally known as "Foremost Poets" aka "Johnny Dangerous" is an individual, who, upon information and belief, is a citizen of the State of New Jersey. He is known for the production, recordation and composition of music that is distributed worldwide via the internet and other digital devices. Defendant is credited as an author and/or composer on the infringing "Alien Superstar" sound recording. Defendant also authored the musical composition and performed vocals on the Plaintiff's "Moon Raker" sound recording.

7. Upon information and belief, Defendant Parkwood Entertainment, LLC, is an active corporation organized and existing pursuant to the laws of the State of New York with a principal place of business located in the Central District, State of California. Plaintiff is informed and believes, and thereupon alleges, that Parkwood Entertainment, LLC does substantial, continuous and systematic business in the State of California and in this judicial district. Defendant Parkwood Entertainment, LLC is responsible for exploitation and distribution of sound recordings and collection of music royalties from the publication of the infringing work on behalf of Beyonce Knowles-Carter, professionally known as "Beyonce." Defendant Parkwood Entertainment, LLC supervised the illegal reproduction of

4

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

the infringing work, as described below, and authorized the illegal reproduction and distribution of the Plaintiff's copyright-protected work.

8. Upon information and belief, Sony Music Entertainment, a Delaware General Partnership is a one of the three largest distributors of recorded music in the world. While its headquarters is in New York, it has substantial facilities in the Central District and distributes recorded music in the Central District in a variety of media. Moreover, Sony Music Entertainment has been substantially involved in the distribution of the sound recording embodying Plaintiffs copyrighted work that is the subject of this lawsuit in the Central District, including through internet streaming services, selling of physical media such as vinyl and Compact Discs (CD), and that Sony Music Entertainment has derived financial compensation from such distribution.

9. Upon information and belief, Warner-Tamerlane Publishing Corp. is an active corporation organized and existing pursuant to the laws of the State of California. Plaintiff is informed and believes, and thereupon alleges, that Warner-Tamerlane Publishing Corp. does substantial, continuous and systematic business in the State of California and in this judicial district. Defendant Warner-Tamerlane Publishing Corp. is responsible for collecting music royalties from the publication of the infringing works on behalf of the authors and composers of the infringing work.

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

10. Upon information and belief, Sony Music Publishing (US), LLC is an active corporation organized and existing pursuant to the laws of the State of California. Plaintiff is informed and believes, and thereupon alleges, that Sony Music Publishing (US), LLC does substantial, continuous and systematic business in the State of California and in this judicial district. Defendant Sony Music Publishing (US), LLC is responsible for collecting music royalties from the publication of the infringing works on behalf of the authors and composers of the infringing work.

11. Plaintiff alleges on information and belief that at all times mentioned herein, Defendants, and each of them, were the agents, managing agents, representatives, employees, successors and/or assignees, and co-conspirators of one other, and at all times relevant hereto, were acting within the course and scope of their authority as such agents, managing agents, representatives, employees, successors and/or assignees, and co-conspirators and legally responsible in some manner for the events and happenings referred to below, and proximately and legally caused injuries and damages to Plaintiff, as alleged below.

## FACTS

12. This is an action for the direct, contributory and vicarious copyright infringement, in violation of 17 U.S.C. §§ 101 et seq., arising from the unauthorized reproduction, distribution and/or public performance of Plaintiff's

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

copyrighted musical work, "Moon Raker." Plaintiff is informed and believes, and thereupon alleges, that Defendants are the writers, composers, performers, producers, record label, distributors, and publishers who were involved with the creation, release, reproduction, exploitation, licensing, and public performance of the infringing and derivative musical compositions "Alien Superstar" and the infringing sound recordings of "Alien Superstar," and the music video and other products embodying the infringing musical composition and sound recording "Alien Superstar," (collectively, the "Infringing Works"). Defendant Holiday received credit as composer and/or author of the music and lyrics of "Alien Superstar." The corporate Defendants are, on information and belief, the publishing, distribution, recording labels and other entities that exploit the infringing song, "Alien Superstar."

13. In approximately 1998, Defendant John Holiday authored the sound recording and musical composition entitled "Moon Raker." Plaintiff authored the following lyrics, which were used as part of the introduction for "Moonraker" and performed the same on the sound recording, "Moonraker" at the 0:21 minute mark:

"Please do not be alarmed, remain calm

Do not attempt to leave the dancefloor

The DJ booth is conducting a troubleshoot of the entire system."

7

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

14.    After the recording of "Moonraker," Defendant Holiday and Shuji Hirose, as founder and owner of Soundmen on Wax, LTD, engaged in discussions about distribution of "Moonraker," nationally and internationally. Ultimately, Defendant Holiday and Soundmen on Wax, LTD agreed to enter into a distribution whereby Defendant Holiday transferred any and all rights to the sound recording, ("Master Recording") of "Moonraker" to Soundmen on Wax, LTD, and all rights to  any copyright ownership thereto, in exchange for a flat fee of One Thousand and Five Hundred Dollars and 00/100 ($1,500). Additionally, Defendant Holiday and Soundmen on Wax, LTD agreed to equally split all publishing revenue from the composition of "Moonraker" on a 50/50 basis.   After the agreement of tendering of the flat fee payment from Soundmen on Wax, LTD to Defendant Holiday, Soundmen on Wax, LTD became the owner and operator of the sound recording and copyright to "Moonraker." In addition to Moonraker, Defendant Holiday also assigned his rights to the sound recording and copyright ownership of several others works, including but not limited to "Grave Lifter," "Facing the Impossible,"  and "The Spy-Chiatrist" to Soundmen on Wax, LTD for distribution.

15. On approximately, June 10, 1998, Soundmen on Wax, LTD distributed and published the sound recording, "Moonraker:"

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

1
2
3
4
5
6
7
8
9
10
11
12
13



14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

16. In approximately 2008, Soundmen on Wax, LTD assigned its catalogue of publishing and sound recording rights to Plaintiff, Hirose Enterprises, LLC. Through the assignment, Plaintiff became acquired 100% ownership of the sound recording, "Moonraker" and ½ ownership of the publishing rights to the composition, "Moonraker." Plaintiff obtained a copyright registration of the sound recording, "Moonraker," with the U.S. Copyright Office. The U.S. Copyright Office has issued a registration certificate bearing Registration Number Sr0001027666. [Exhibit A].

17. Despite widespread domestic and international distribution and publication of the sound recording, "Moonraker," by Soundmen on Wax, LTD,

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

since 1998, Defendants Parkwood, Sony Music Entertainment and Sony Music Publishing opted to contract with Defendant Holiday for a master use license of the sound recording, "Moonraker" to create the infringing derivative work, "Alien Superstar," as performed by Beyonce for her forthcoming album, "Renaissance."

18. Defendants used an unauthorized sample of "Moonraker" in their sound recording, "Alien Superstar," which was released by Defendant Parkwood Entertainment, LLC and distributed by Defendant Sony Music Entertainment through its recording label imprint, Columbia Records, as a part of Beyonce's album, "Renaissance." Defendant Sony and Defendant WC also collects royalties from the exploitation of the infringing work on behalf of several publishers, authors and composers. Defendant Sony Music Entertainment and Defendant Parkwood released and distributed the album "Renaissance" and the infringing work, "Alien Superstar" on July 29, 2022. Defendants released and distributed the infringing work in the State of California, United States and worldwide for streaming on all major streaming services, including, but not limited to Apple Music, Tidal, Spotify, Youtube Music, Pandora, and Amazon Music. The infringing work is accessible, and available for consumer use, in California by the Plaintiff and other California Residents through utilizing one of the streaming services. The aforesaid streaming services are available for use by California residents. Defendants have also released and distributed the infringing work in the

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

State of Louisiana, United States and worldwide as a vinyl purchase at several retailers. The infringing work was recorded and performed by Beyonce in Los Angeles, California. Additionally, Beyonce has performed the infringing work in the State of California during the Renaissance and Cowboy Carter tours.

19. The Plaintiff did not authorize the defendants' reproduction, distribution, public performance of the sound recording, or creation of an unauthorized derivative work of "Alien Superstar." Defendants do not have any rights to reproduce, distribute, publicly perform, or create derivative works of samples of "Moonraker" in the infringing sound recording "Alien Superstar."

20. There are unmistakable similarities between the two works. Based upon a side-by-side comparison of the two songs, a layperson could hear similarities in the lyrics, arrangement, melody, core expression,  content, and other compositional elements in both songs and conclude that songs are essentially identical, and the infringing "Alien Superstar" clearly used the Plaintiff's "Moonraker" as a basis for the infringing "Alien Superstar." At all times relevant to this action, Defendants have misappropriated many of the recognizable and key protected elements of the Plaintiff's work into their infringing work, "Alien Superstar." The infringing work, "Alien Superstar" misappropriates key protected elements of "Moonraker," to create an unauthorized derivative work. The infringing work samples, or lifts, a portion of the sound recording, "Moonraker" to create "Alien Superstar." More

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

specifically, Defendants sampled a portion of "Moonraker" from the 0:21-0:31 minute mark that contains the performance of the lyrics, "Please do not be alarmed, remain calm. Do not attempt to leave the dancefloor. The DJ booth is conducting a troubleshoot of the entire system," and manipulated its performance and inserted the manipulated sample "Please do not be alarmed, remain calm. Do not attempt to leave the dance floor. The DJ booth is conducting a tr-tr-tr-troubleshoot of the entire system." in the infringing work at the 0:01 minute mark. The infringing works, "Alien Superstar," misappropriates key protected elements of Plaintiff's "Moonraker" to create an unauthorized derivative work. The infringing work copies and samples a portion of Plaintiff's "Moonraker" to create the infringing "Alien Superstar." More specifically, Defendants copies the lyrics, content, melody and musical arrangement from the sound recording, "Moonraker," to create the infringing work. Moreover, both songs have the similar tempos and form structure. Recording and compositional analyses of the two works reveal that the infringing work samples the lyrics and vocal melodies from Moonraker.

21. Defendants, without authority, have willfully copied and sampled many protected elements of the Plaintiff's copyrights and further infringed upon those copyrights by acts of reproduction, distribution, publish, display, and unauthorized creation of derivative works.

**FIRST CLAIM FOR RELIEF**

12

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

**(Direct, Contributory and Vicarious Copyright infringement of "Moonraker" into the sound recording, "Alien Superstar" against all defendants)**

22. Plaintiff repeats and re-alleges all paragraphs of this Complaint as if fully set forth herein.

23. Plaintiff is the owner of the copyright in the sound recording, musical composition and lyrics of "Moonraker." Plaintiff's copyright of "Moonraker" was registered with the U.S. Copyright Office and bears Registration No. Sr0001027666.

24. Upon information and belief, and without authorization or permission from the plaintiff, in direct violation of Plaintiff's rights, Defendants, have directly infringed the copyrights in Plaintiff's "Moonraker" by among other things: a) preparing unauthorized derivatives of Plaintiff's "Moonraker" in the form of "Alien Superstar;" b) reproducing copyrighted elements of the Plaintiff's "Moonraker" in "Alien Superstar;" c) distributing copies of "Alien Superstar," which contains copyrighted elements of Plaintiff's "Moonraker" and d) publishing, displaying, selling and licensing copies of "Alien Superstar," which contains copyrighted elements of Plaintiff's "Moonraker." Defendants never paid Plaintiff, nor secured the authorization for the use of "Moonraker" in "Alien Superstar."

25. Moreover, without authorization or permission from Plaintiff, Defendants sampled and copied Plaintiff's "Moonraker" in purporting to author the

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

derivative sound recording, "Alien Superstar." Defendants have published, manufactured, distributed, sold and licensed copies of "Alien Superstar." Defendants never paid Plaintiff, nor secured the authorization for the use of "Moonraker" in "Alien Superstar."

26. At all times relevant to this action, Defendants have misappropriated many of the recognizable and key protected elements of the Plaintiff's work into their infringing work, "Alien Superstar." The infringing work, "Alien Superstar" misappropriates key protected elements of "Moonraker," to create an unauthorized derivative work. The infringing work samples, or lifts, a portion of the sound recording, "Moonraker" to create "Alien Superstar." More specifically, Defendants sampled a portion of "Moonraker" from the 0:21-0:31 minute mark that contains the performance of the lyrics, "Please do not be alarmed, remain calm. Do not attempt to leave the dancefloor. The DJ booth is conducting a troubleshoot of the entire system," and manipulated its performance and inserted the manipulated sample "Please do not be alarmed, remain calm. Do not attempt to leave the dance floor. The DJ booth is conducting a tr-tr-tr-troubleshoot of the entire system." in the infringing work at the 0:01 minute mark. The infringing works, "Alien Superstar," misappropriates key protected elements of Plaintiff's "Moonraker" to create an unauthorized derivative work. The infringing work copies and samples a portion of Plaintiff's "Moonraker" to create the infringing "Alien Superstar." More

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

specifically, Defendants copies the lyrics, content, melody and musical arrangement from the sound recording, "Moonraker," to create the infringing work. Moreover, both songs have the similar tempos and form structure. Recording and compositional analyses of the two works reveal that the infringing work samples the lyrics and vocal melodies from Moonraker.

27. As a direct and proximate result of the Defendants' infringement, Plaintiff is entitled to its actual damages in addition to Defendants' profits that are attributable to the copyrighted material; moreover, plaintiff is entitled to other compensatory, statutory and punitive damages in an amount to be proven at trial.

28. Defendants had the right and ability to control other infringers and have derived a direct financial benefit from that infringement such that Defendants should be found to be vicariously liable.

29. With knowledge of the infringement, the Defendants have induced, caused, or materially contributed to, the infringing conduct of others, such that they should be found to be contributorily liable.

30. The infringement is continuing as the album, "Renaissance," on which "Alien Superstar" appears, continues to be sold and continues to be licensed for sale, downloads, streams, ringtones and/or mastertones, and other exploitations by Defendants or their agents.

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

31. Defendants' conduct is causing and, unless enjoined by this Court, will continue to cause Plaintiffs irreparable injury that cannot be fully compensated or measured in monetary terms. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiffs are entitled to a permanent injunction prohibiting the reproduction, distribution, sale, public performance or other use or exploitation of Bubblegum, including all Infringing Works.

32. Defendants' conduct was willful with full knowledge of and complete disregard for Plaintiff's rights. Therefore, the Plaintiff is entitled to statutory damages.

33. As a direct and proximate result of Defendants' infringement, Plaintiff has incurred attorneys' fees and costs, in amount according to proof, which are recoverable under 17 U.S.C. 504.

## SECOND CLAIM FOR RELIEF

## (Breach of Contract against Defendant Holiday)

34. Plaintiff repeats and re-alleges all paragraphs of this Complaint as if fully set forth herein.

35. Defendant Holiday and Soundmen on Wax, LTD entered into an distribution agreement whereby Defendant Holiday transferred any and all rights to the sound recording, ("Master Recording") of "Moonraker" to Soundmen on Wax, LTD, and all rights to  any copyright ownership thereto, in exchange for a flat fee

16

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

of One Thousand and Five Hundred Dollars and 00/100 ($1,500). Additionally, Defendant Holiday and Soundmen on Wax, LTD agreed to equally split all publishing revenue from the composition of "Moonraker" on a 50/50 basis. After the agreement of tendering of the flat fee payment from Soundmen on Wax, LTD to Defendant Holiday, Soundmen on Wax, LTD became the owner and operator of the sound recording and copyright to "Moonraker."

36. Defendant breached the said contract by creating a derivative of sound recording, "Moonraker," in "Alien Superstar" and the performance of the same, and engaging in a master use license of the sound recording, "Moonraker" to create the infringing work, "Alien Superstar."

37. As a direct and proximate result of the Defendants' breach, Plaintiff is entitled to all compensatory, statutory and punitive damages in an amount to be proven at trial.

### THIRD CLAIM FOR RELIEF

### (Declaratory Judgment against all Defendants)

38. Plaintiff repeats and re-alleges all paragraphs of this Complaint as if fully set forth herein.

39. Plaintiff is the sole owner of the sound recording, "Moonraker," and exclusive holder of the copyright to the sound recording, "Moonraker." Defendant Holiday and Soundmen on Wax, LTD entered into a distribution agreement

17

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

whereby Defendant Holiday transferred any and all rights to the sound recording, ("Master Recording") of "Moonraker" to Soundmen on Wax, LTD, and all rights to any copyright ownership thereto, in exchange for a flat fee of One Thousand and Five Hundred Dollars and 00/100 ($1,500). Additionally, Defendant Holiday and Soundmen on Wax, LTD agreed to equally split all publishing revenue from the composition of "Moonraker" on a 50/50 basis.   After the agreement of tendering of the flat fee payment from Soundmen on Wax, LTD to Defendant Holiday, Soundmen on Wax, LTD became the owner and operator of the sound recording and copyright to "Moonraker." Thereafter, Soundmen on Wax, LTD assigned its catalogue of publishing and sound recording rights to Plaintiff, Hirose Enterprises, LLC. Through the assignment, Plaintiff became acquired 100% ownership of the sound recording, "Moonraker" and ½ ownership of the publishing rights to the composition, "Moonraker." Plaintiff obtained a copyright registration of the sound recording, "Moonraker," with the U.S. Copyright Office. The U.S. Copyright Office has issued a registration certificate bearing Registration Number Sr0001027666.

40. The Plaintiff's "Moonraker" has been sampled by the Defendants to create the commercially successful derivative work, "Alien Superstar."

41. Plaintiff is entitled to a declaratory Judgment that Plaintiff is the owner of the sound recording of "Moonraker" that was sampled to create the

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

commercially successful derivative work, "Alien Superstar;" that Defendants did not have authorization and/or permission to copy, sample, or create derivative works of the Plaintiff's "Moonraker;" that Plaintiff is the exclusive holder of the copyright to the sound recording, "Moonraker."

## FOURTH CLAIM FOR RELIEF

### (Accounting against all Defendants)

42 Plaintiff repeats and re-alleges all paragraphs of this Complaint as if fully set forth herein.

43. Under 17 U.S.C. 504, Plaintiff may recover any and all profits of Defendants that are attributable to the Defendants' act of infringement.

44. The exact amount of money due from Defendants is unknown to Plaintiff and can only be ascertained through an accounting. Plaintiff seeks an order from this Court directing Defendants to provide Plaintiff with an accounting for "Alien Superstar."

## FIFTH CLAIM FOR RELIEF

### (Unjust Enrichment against all Defendants)

45. Plaintiff repeats and re-alleges all paragraphs of this Complaint as if fully set forth herein.

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

46. Plaintiffs assert, in the alternative, that Defendants have been unjustly enriched by their unauthorized use, exploitation and distribution of Plaintiff's copyright.

47. Defendants have received compensation in royalties, record sales, download sales and other forms of revenue due to their unauthorized use, exploitation and distribution of Plaintiff's copyright as described above.

48. Defendants' unauthorized use, exploitation and distribution of Plaintiffs' copyright has impoverished Plaintiffs due to consumers' perception that Plaintiff consented to Defendants' use of their copyright, which has impaired Plaintiffs' reputation and credibility.

49. Defendants were and continue to be unjustly enriched by advances and royalties as well as the long-range pecuniary benefits accruing from their names being associated with a work of commercial success that should have been and should be being paid to the Plaintiff as exclusive holder of the copyright for the sound recording, "Moonraker."

50. As a direct result of Defendant's unjust enrichment, Plaintiff has suffered and will continue to suffer in the future, monetary losses in direct proportion to Defendant's level of unjust enrichment and is therefore entitled to be compensated by Defendant commensurate with those losses.

## SIXTH CLAIM FOR RELIEF

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

**(Violation of Lanham Act against all Defendants)**

51. Plaintiff repeats and re-alleges all paragraphs of this Complaint as if fully set forth herein.

52. Defendants' misrepresentation of the authorship of the derivative work, "Alien Superstar,  has had an adverse impact on interstate commerce, in particular the market for exploitation of sound recording and musical composition in all media. This is a misrepresentation of the origins of the sound recording and musical composition, in violation of the Lanham Act. Since the infringing work contains an exact sample of the Plaintiff's sound recording, "Moonraker," Defendants' false representations about the authorship and ownership of origins of "Moonraker"  and will continue to cause damage to Plaintiff's reputation as fans and the public are likely to be misled by Defendants' misrepresentations into believing that Defendant Holiday rather than Plaintiff is the exclusive holder of the copyright to the sound recording, "Moonraker" and the sole owner of the sound recording, "Moonraker."

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendants and for the following relief:

A. A permanent injunction prohibiting Defendants and their agents, servants, employees, officers, attorneys, successors, licensees,

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

partners, and assigns, and all persons acting in concert or participation with each or any one of them, from directly or indirectly infringing, or causing, enabling, facilitating, encouraging, promoting, inducing, and/or participating in the infringement of, any of Plaintiffs' rights protected by the Copyright Act; an order directing Defendants to include credits on behalf of Plaintiffs  to be included on any awards, accolades, events of prestige and/or other public recognition attributed Bubblegum;

B. An award of damages pursuant to 17 U.S.C. § 504(b), including actual damages and Defendants' profits in an amount to be proven at trial;

C. An award of statutory damages, if actual damages are not selected;

D. An award of attorneys' fees;

E. For pre-judgment and post-judgment interest according to law, as applicable;

F. For an accounting in connection with Defendants' unauthorized use of the infringing works;

G. Any such other or further relief as the Court may deem just and proper;

H. For costs of suit incurred;

22

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

Dated: July 29, 2025                    THE HAYES LAW FIRM, PLC

                                        By: _____

                                            DaShawn Hayes
                                            Attorneys for Plaintiff
                                            Hirose Enterprises, LLC

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury in the above matter.

Dated: July 29, 2025                    THE HAYES LAW FIRM, PLC

                                        By: _____

                                            DaShawn Hayes
                                            Attorneys for Plaintiff
                                            Hirose Enterprises, LLC

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**