LATHAM & WATKINS LLP
   Laura R. Washington (Bar No. 266775)
    laura.washington@lw.com
   Dixon M. Carvalho Anderson (Bar No. 333894)
    dixon.anderson@lw.com
   10250 Constellation Blvd, Suite 1100
   Los Angeles, California 90067
   Telephone: (424) 653-5500

   Brittany N. Lovejoy (Bar No. 286813)
    brittany.lovejoy@lw.com
   505 Montgomery Street, Suite 2000
   San Francisco, California 94111
   Telephone: (415) 391-0600

*Attorneys for Defendant*
*Parkwood Entertainment, LLC*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HIROSE ENTERPRISES, LLC,<br><br>            Plaintiff,<br><br>     v.<br><br>JOHN HOLIDAY, professionally known as FOREMOST POETS, PARKWOOD ENTERTAINMENT, LLC, SONY MUSIC ENTERTAINMENT, SONY MUSIC PUBLISHING (US), LLC, and W CHAPPELL MUSIC CORP. d/b/a WC MUSIC CORP.,<br><br>            Defendants. | Case No.: 2:25-cv-06973-MEMF-AJR<br><br>**NOTICE OF PARKWOOD'S MOTION TO DISMISS; PARKWOOD'S MOTION TO DISMISS FIRST AMENDED COMPLAINT; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: February 12, 2026<br>Time: 10:00 am<br>Courtroom: 8B<br><br>Hon. Maame Ewusi−Mensah Frimpong |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on February 12, 2026 at 10:00 AM, or as soon thereafter as the matter may be heard before the Honorable Maame Ewusi−Mensah Frimpong in Courtroom 8B of the United States District Court for the Central District of California, located at 350 West 1st Street, Los Angeles, California 90012, Defendant Parkwood Entertainment, LLC ("Parkwood") will and hereby does move to dismiss First Amended Complaint ("FAC") for copyright infringement and violation of the Lanham Act brought by Plaintiff Hirose Enterprises, LLC ("Plaintiff") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Parkwood moves to dismiss on the grounds that the First Amended Complaint: (1) fails to plausibly allege ownership of the works at issue under the Copyright Act and thus Plaintiff lacks standing to bring an copyright infringement claim; (2) fails to allege direct infringement as is necessary to state a claim for secondary infringement, and also fails to plausibly allege that Parkwood had knowledge of the alleged direct infringement, as is required to state a claim for contributory infringement; (3) and asserts a Lanham Act claim that is barred as a matter of law.

Pursuant to Local Rule 7-3, counsel for Parkwood and the Defendants Sony Music Entertainment, Sony Music Publishing (US), LLC, and W Chappell Music Corp. d/b/a "WC Music Corp." met and conferred telephonically with counsel for Plaintiff regarding the motion to dismiss on December 10, 2025. Decl. of Laura R. Washington ¶ 8 ("Washington Decl.").

This motion to dismiss is based upon this notice, the attached motion, the memorandum of points and authorities, the declaration of Laura R. Washington, any documents judicially noticed by this Court, and all pleadings, records, and files herein in the above-captioned case, and such oral argument as the Court may permit.

1    Dated:  December 17, 2025          Respectfully submitted,

2                                       LATHAM & WATKINS LLP

3                                       By: /s/ Laura R. Washington

4                                       Laura R. Washington (Bar No. 266775)
                                          laura.washington@lw.com
5                                       Dixon M. Carvalho Anderson (Bar No. 333894)
                                          dixon.anderson@lw.com
6                                       10250 Constellation Blvd, Suite 1100
                                        Los Angeles, California 90067
7                                       Telephone (424) 653-5500
                                        Facsimile: (424) 653-5501
8
                                        Brittany N. Lovejoy (Bar No. 286813)
9                                         brittany.lovejoy@lw.com
                                        505 Montgomery Street, Suite 2000
10                                      San Francisco, California 94111
                                        Telephone: (415) 391-0600
11

12                                      *Attorneys for Defendant Parkwood
                                        Entertainment, LLC*
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MOTION TO DISMISS

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Parkwood Entertainment, LLC ("Parkwood") hereby moves to dismiss the FAC filed by Plaintiff Hirose Enterprises, LLC on the following grounds:[1]

- Plaintiff fails to plausibly allege ownership under the Copyright Act of the sound recording or composition rights in the asserted work because the FAC does not plead a valid chain of title or any written transfer agreements signed by the owner to Plaintiff as required by 17 U.S.C. section 204(a). Plaintiff's copyright claim should thus be dismissed because Plaintiff does not have standing to assert it.

- Plaintiff's infringement claims are also barred pursuant to 17 U.S.C. section 205(e). Plaintiff's own allegations establish that Parkwood obtained a nonexclusive license for the relevant use of the "Moonraker" composition and sound recording from Defendant John Holiday ("Holiday"), the alleged author and performer of "Moonraker," and that Plaintiff's allegations show that any purported "transfer" was not recorded at all, much less at any time before the execution of that license. Under 17 U.S.C. section 205(e), Parkwood's good-faith nonexclusive license, taken without notice of Plaintiff's alleged and unrecorded transfer, prevails over any unrecorded transfer.

---

[1] During the meet and confer with Plaintiff's counsel, Plaintiff's counsel informed Defendants' counsel that newly-identified individual defendants Beyonce Knowles-Carter, Honey Redmond, Luke Solomon, and Chris Penny Solomon (collectively, the "Individual Defendants") who were labeled as "defendants" in the FAC allegations but not in the caption, had not been served with the FAC. Washington Decl. ¶ 8. Moreover, Plaintiff has not filed any proofs of service. To the extent this Court finds the addition of new defendants to the FAC proper, the Individual Defendants are not required to respond to the FAC at this time. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999) (procedural obligations are not triggered by mere notice or awareness of lawsuit absent formal service); *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986) (absent proper Rule 4 service, the court lacks personal jurisdiction over the defendant, and any response obligation or default would be premature).

- Plaintiff fails to plausibly allege secondary copyright liability. First, there can be no secondary infringement without direct infringement. Second, the FAC does not plead facts showing knowledge of specific unauthorized copying, as is required for contributory infringement. Rather, Parkwood obtained a license from the author of "Moonraker" and the FAC does not allege any facts suggesting that Defendants had reason to question the validity of that authorization.

- Plaintiff's Lanham Act claim is barred under *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23 (2003) and its progeny, and the FAC otherwise fails to allege the elements of any viable Lanham Act theory.

Dated:  December 17, 2025          Respectfully submitted,

LATHAM & WATKINS LLP

By: /s/ Laura R. Washington

Laura R. Washington (Bar No. 266775)
  laura.washington@lw.com
Brittany N. Lovejoy (Bar No. 286813)
  brittany.lovejoy@lw.com
Dixon M. Carvalho Anderson (Bar No. 333894)
  dixon.anderson@lw.com
10250 Constellation Blvd, Suite 1100
Los Angeles, California 90067
Telephone (424) 653-5500
Facsimile: (424) 653-5501

*Attorneys for Defendant Parkwood Entertainment, LLC*

## TABLE OF CONTENTS

**Page**

I.    INTRODUCTION.................................................................................. 1

II.    FACTUAL BACKGROUND ................................................................ 3

III.    LEGAL STANDARD. ......................................................................... 5

IV.    ARGUMENT. ....................................................................................... 6

    A.    Plaintiff Fails to Plausibly Allege Ownership ...................... 6

    B.    Any Copyright Claim is Barred by 17 U.S.C. Section 205(e) ...................................................................................... 10

    C.    Plaintiff Fails to Plausibly Allege Secondary Infringement ......................................................................... 12

    D.    Plaintiff's Lanham Act Claim Is Factually Deficient And Fails as a Matter of Law ..................................................... 13

V.    CONCLUSION. ................................................................................. 15

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Airs Aromatics, LLC v. Victoria's Secret Stores Brand Mgmt, Inc.*,
744 F.3d 595 (9th Cir. 2014) ................................................................. 9

*Akar, Inc. v. Foreign Exch., Inc.*,
No. 09-cv-4940, 2009 WL 10673204 (C.D. Cal. Sept. 18, 2009) .................... 14

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ........................................................................ 5

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ........................................................................ 5

*Dastar Corp. v. Twentieth Century Fox Film Corp.*,
539 U.S. 23 (2003) .................................................................. 2, 3, 13, 14

*Effects Assocs., Inc. v. Cohen*,
908 F.2d 555 (9th Cir. 1990) ............................................................... 7

*Erickson Prods., Inc. v. Kast*,
921 F.3d 822 (9th Cir. 2019) .............................................................. 12

*Fox v. Riverdeep, Inc.*,
No. 07-13622, 2008 WL 5244297 (E.D. Mich. Dec. 16, 2008) ...................... 11

*Harbridge v. Schwarzenegger*,
No. 07-cv-4486, 2012 WL 13252724 (C.D. Cal. Jan. 4, 2012) ....................... 9

*Harrington v. Pinterest, Inc.*,
No. 20-cv-05290, 2021 WL 4033031 (N.D. Cal., Sept. 3, 2021) .................... 13

*Howard v. Cnty. of Kern*,
No. 24-cv-00387, 2025 WL 708641 (E.D. Cal. Mar. 5, 2025) ....................... 9

*In re World Auxiliary Power Co.*,
303 F.3d 1120 (9th Cir. 2002) ............................................................ 12

*Jones v. Twentieth Century Studios, Inc.*,
No. 21-cv-5890, 2021 WL 6752228 (C.D. Cal. Dec. 7, 2021) ....................... 14

*Kent v. Universal Studios, Inc.*,
  No. 08-cv-2704, 2008 WL 11338293 (C.D. Cal. Aug. 15, 2008).....................15

*Knievel v. ESPN*,
  393 F.3d 1068 (9th Cir. 2005) ...........................................................................5

*Konigsberg Int'l Inc. v. Rice*,
  16 F.3d 357–58 (9th Cir. 1994)..........................................................................7

*Leadsinger, Inc. v. BMG Music Publ'g*,
  512 F.3d 522 (9th Cir. 2008)..............................................................................6

*Lions Gate Ent. Inc. v. TD Ameritrade Servs. Co., Inc.*,
  170 F. Supp. 3d 1249 (C.D. Cal. 2016).......................................................14, 15

*Luvdarts, LLC v. AT & T Mobility,
  LLC*, 710 F.3d 1068 (9th Cir. 2013) ................................................................12

*Morrill v. Smashing Pumpkins*,
  157 F. Supp. 2d 1120 (C.D. Cal. 2001) ..............................................................8

*Oddo v. Ries*,
  743 F.2d 630 (9th Cir. 1984)...............................................................................8

*Perfect 10, Inc. v. Amazon.com, Inc.*,
  508 F.3d 1146 (9th Cir. 2007) ..........................................................................12

*Righthaven LLC v. Hoehn*,
  716 F.3d 1166 (9th Cir. 2013) ............................................................................6

*Sybersound Records, Inc. v. UAV Corp.*,
  517 F.3d 1137 (9th Cir. 2008) .......................................................................9, 13

*United States v. Corinthian Colleges*,
  655 F.3d 984 (9th Cir. 2011) .........................................................................5, 10

*Van Buskirk v. Cable News Network, Inc.*,
  284 F.3d 977 (9th Cir. 2002) ..............................................................................5

*Whitaker v. Tesla Motors, Inc.*,
  985 F.3d 1173 (9th Cir. 2021) ............................................................................6

*Wong v. Flynn-Kerper*,
  No. 18-cv-4468, 2019 WL 4187375 (C.D. Cal. May 16, 2019) .........................9

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
LOS ANGELES

iii

CASE NO. 2:25-CV-06973-MEMF-AJR
PARKWOOD'S MOTION TO DISMISS FAC

*Yellowcake, Inc. v. Morena Music, Inc.*,
    522 F. Supp. 3d 747 (E.D. Cal. 2021) ............................................................. 6, 10

**STATUTES**

17 U.S.C.
    § 204 ............................................................................................................ 7
    § 204(a) ..................................................................................................... 1, 7
    § 205 .......................................................................................................... 12
    § 205(e) .................................................................................. 2, 10, 11, 12

Latham Act
    § 43(a)(1)(A) ............................................................................................. 13
    § 43(a)(1)(B) ............................................................................................. 13

**RULES**

Rule 12(b)(6) .................................................................................................... 5, 9

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiff's claims against Parkwood are meritless.  Plaintiff has now had two opportunities to sufficiently plead its copyright infringement and Lanham Act claims.  Despite several discussions in which Parkwood and the label and publisher defendants' counsel identified fundamental problems with Plaintiff's complaint—some as basic as identifying when, how and/or pursuant to what supposed unidentified "agreement" Plaintiff purports to have acquired the rights to bring its infringement claims—Plaintiff has refused to address these foundational deficiencies, presumably because it is unable to do so.  Plaintiff also refused to acknowledge binding Supreme Court precedent that bars its Lanham Act claim.  As demonstrated herein, the FAC should be dismissed with prejudice.

*First*, Plaintiff has not plausibly alleged that it owns the rights it seeks to enforce.  This failure is dispositive because without allegations of ownership, Plaintiff lacks standing to bring a copyright infringement claim.  Plaintiff claims a decades-long (and undisclosed) chain of title for "Moonraker," yet never alleges any writing signed by the owner that evidences a transfer of rights, as the Copyright Act requires for a valid transfer.  The FAC identifies no executed agreement that transfers the rights in "Moonraker" from the alleged author (and performer) of the work—John Holiday—to Soundmen on Wax, much less an exclusive one.  And the FAC identifies no executed assignment of rights from Soundmen on Wax to Plaintiff.  It attaches no transfer agreements.  It vaguely references an "agreement," yet fails to plead when it was executed or any other detail.  It relies instead on conclusory assertions that rights shifted at some time in 1998 and again "in approximately 2008," without the signed writings that 17 U.S.C. section 204(a) demands.  Plaintiff did not include this information in its FAC despite the fact that Parkwood has been asking for this information (if it exists) for months.  Those

omissions are thus not accidental, and they are dispositive of Plaintiff's copyright claims, which should be dismissed with prejudice.

*Second*, even putting aside Plaintiff's failure to allege the ownership required for copyright standing, Plaintiff's own allegations establish that its copyright claims cannot proceed pursuant to 17 U.S.C. section 205(e).  Under 17 U.S.C. section 205(e), a nonexclusive license, entered into prior to the recordation of the challenged transfer in good faith from the alleged author, and without any alternative notice of the transfer prevails.  As Plaintiff concedes, Parkwood obtained a master use and composition license for the relevant "Moonraker" sample from Holiday and, under section 205(e), that good faith, nonexclusive license prevails over Plaintiff's alleged undocumented and undisclosed transfer, which was never recorded.  Plaintiff's copyright claims are thus barred for this independent reason.

*Third*, Plaintiff's failure to plead direct infringement is fatal to its secondary copyright infringement claims as well.  A secondary infringement claim cannot survive dismissal where there are no allegations of direct infringement.  Moreover, Plaintiff has failed to plausibly allege that Parkwood had "knowledge" of any purported infringement, which is required to state a contributory infringement claim. To the contrary, Plaintiff alleges that Parkwood sought and obtained a license for the use at issue, and paid for that use from Holiday.  It is simply not plausible that Parkwood would have paid to license a work from a third party if Parkwood knew or even had any reason to believe that the subsequent use of the work would not be validly authorized.

*Last,* Plaintiff's Lanham Act claim repackages a copyright authorship dispute as a false-designation claim.  The Supreme Court has made clear that such a claim does not lie under the Lanham Act.  *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 37–38 (2003).  Plaintiff's Lanham Act must likewise be dismissed.

1    Accordingly, the Court should dismiss all claims against Parkwood with

2  prejudice.

3  **II.    <u>FACTUAL BACKGROUND</u>**

4    Plaintiff alleges that in approximately 1998, John Holiday authored the sound

5  recording and musical composition entitled "Moonraker," including the ten second

6  introduction at issue herein.  FAC ¶¶ 17.  Plaintiff further alleges that at some point

7  after that—that is as specific as it gets—Holiday entered into a "distribution

8  agreement" whereby Holiday purportedly transferred any and all rights to the sound

9  recording and composition of "Moonraker" to Soundmen on Wax, LTD

10  ("Soundmen").  *See id.* ¶18.  Plaintiff does not allege that this supposed agreement

11  was in writing.[2]  *Id.*  Soundmen never registered either a PA copyright registration

12  for the musical composition or a SR copyright registration for the sound recording

13  of "Moonraker."  *See* Declaration of Laura R. Washington ("Washington Decl.")

14  Ex. 2.

15    Plaintiff further alleges that "in approximately 2008," Soundmen "assigned

16  its catalogue of publishing and sound recording rights" to Plaintiff, including "100%

17  ownership of the sound recording, 'Moonraker' and of the publishing rights to the

18  composition, 'Moonraker.'"  FAC ¶ 20.  Plaintiff also does not allege that this

19  assignment was memorialized in writing, and does not even identify exactly when it

20  supposedly occurred—a date that should be readily available from the parties'

21  agreement if it exists.  Notably, during the December 10, 2025 meet and confer with

22  defense counsel, Plaintiff's counsel stated that he had not seen nor reviewed any of

23  the agreements that are the crux of Plaintiff's allegations.  Washington Decl. ¶ 8.

24    Plaintiff's shifting description of the scope of its ownership interest in the

25  publishing rights for "Moonraker" further undermines the plausibility of its

26  ───────────────────────────────

27  [2] Defense counsel has repeatedly asked that Plaintiff's counsel provide copies of any written agreements related to Plaintiff's allegations in the original complaint and FAC.  As of the date of this filing, Plaintiff's counsel has not provided any agreement related to Plaintiff's allegations.

28  Washington Decl. ¶ 9.

allegations.  In contrast with Plaintiff's FAC, Plaintiff's original complaint alleged that the author of "Moonraker," Holiday, retained a 50 percent ownership interest in the "Moonraker" composition.  While Plaintiff alleged that Holiday "transferred any and all rights to the *sound recording*, ('Master Recording') of 'Moonraker' to Soundmen on Wax, LTD" (Original Complaint, Dkt. No. 1 ¶ 14 (emphasis added)), Plaintiff did *not* allege that Holiday assigned "all" *composition rights* to Soundmen.  Rather, it stated that Holiday remained entitled to 50% of the "publishing revenue for the composition" (*id*.).  Plaintiff also alleged that Soundmen subsequently transferred only "½ ownership of the publishing rights to the composition, 'Moonraker'" to Plaintiff—all Soundmen *could* transfer if Holiday retained a half ownership interest in the composition.  *Id.* ¶ 16

When defense counsel pointed out that Plaintiff cannot sue Parkwood for infringement of the "Moonraker" composition because Parkwood obtained a license from Holiday—a co-owner of the composition who authorized the license of the work—rather than dismissing this baseless claim, Plaintiff simply edited its complaint to state that Plaintiff owns the *entire* composition.  Washington Decl. ¶¶ 6-7.  In conflict with Plaintiff's original complaint, the FAC newly claims that Holiday "transferred any and all rights to the sound recording . . . *and composition* of 'Moonraker'" to Soundmen and that Plaintiff thereafter "acquired 100% ownership of the sound recording 'Moonraker' and of the publishing rights to the composition, 'Moonraker'" from Soundmen.  FAC ¶¶ 18, 20 (emphasis added).

Further casting doubt on Plaintiff's recent purported "ownership" of "Moonraker," public records available from the New York Secretary of State's office indicate that Soundmen was dissolved on September 25, 2002, long *before* 2008 when Plaintiff alleges Soundmen assigned Plaintiff its rights in "Moonraker." Washington Decl. Ex. 3.[3]    And the Florida Department of State indicates that

---

[3] Plaintiff references Parkwood's license in the FAC, ¶ 26, and thus the Court may consider it

1    Plaintiff was not even formed until August 6, 2025, years *after* Plaintiff was

2    allegedly assigned the copyrights it now seeks to enforce.  Washington Decl. Ex. 4.

3    Thus, it is unclear how Soundman could transfer anything in 2008 when it no longer

4    existed, or how Plaintiff could have been the recipient of any rights before it was

5    even formed.  Consistent with the forgoing, despite purportedly owning the rights to

6    the sound recording and composition since 2008 (before it existed), Plaintiff did not

7    obtain a registration until March 31, 2025 (SR 1-027-666).  FAC Ex. A.

8        The FAC alleges that Parkwood "opted to contract with Defendant Holiday

9    for a master use license of the sound recording, 'Moonraker' to create the infringing

10   derivative work, 'Alien Superstar.'"  FAC ¶ 26.  Indeed, Parkwood obtained a

11   written, nonexclusive master-use and composition license from Holiday on

12   September 6, 2022, covering the "Moonraker" sound recording and composition.

13   Washington Decl. Ex. 1; Washington Decl. ¶ 2.  The FAC does not allege that

14   Parkwood had notice of any recorded (or even documented) transfer at the time of

15   licensing from the author of the work.  Plaintiff alleges that Parkwood and Sony

16   Music Entertainment subsequently released and distributed the track "Alien

17   Superstar" as part of Beyoncé Knowles-Carter's 2023 *Renaissance* album, and that

18   Sony Music Publishing (US), LLC and W Chappell Music Corp. d/b/a "WC Music

19   Corp." and are two music publishers for the "Alien Superstar" musical composition.

20   FAC ¶¶ 7–10, 25, 34–35.

21   ## III.   <u>LEGAL STANDARD</u>

22       To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain

23   sufficient factual matter, accepted as true, to state a claim to relief that is plausible

24   on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v.*

25
26   because it is incorporated by reference.  *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005);
     *see also* RJN.  Considering the license does not convert this motion into a motion for summary
     judgment.  *United States v. Corinthian Colleges*, 655 F.3d 984, 993, n.4 (9th Cir. 2011) (citing
27   *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002)) (a district court may
     consider documents referenced by the Complaint without converting a 12(b)(6) motion to one for
28   summary judgment).

*Twombly*, 550 U.S. 544, 570 (2007)).  "[A] formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "Taken together, *Iqbal* and *Twombly* require well-pleaded facts, not legal conclusions, that plausibly give rise to an entitlement to relief.  The plausibility of a pleading thus derives from its well-pleaded factual allegations."  *Whitaker v. Tesla Motors, Inc*., 985 F.3d 1173, 1176 (9th Cir. 2021) (quotation marks and citations omitted).  Claims that cannot be cured by amendment should be dismissed with prejudice.  *See, e.g.*, *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (district court may deny leave to amend when amendment would be futile).

## IV.  ARGUMENT.

### A.    Plaintiff Fails to Plausibly Allege Ownership

Plaintiff does not plausibly allege ownership of the copyrights in the "Moonraker" composition or sound recording at issue, which alone requires dismissal of its claims against Parkwood.  "Only the 'legal or beneficial owner of an exclusive right under a copyright' has standing to sue for infringement of that right."  *Yellowcake, Inc. v. Morena Music, Inc.*, 522 F. Supp. 3d 747, 759 (E.D. Cal. 2021) (quoting *Righthaven LLC v. Hoehn*, 716 F.3d 1166, 1169 (9th Cir. 2013)).  The absence of standing to bring a copyright infringement claim dooms an infringement claim at the threshold.  Plaintiff's copyright claims fail for this very reason.

Plaintiff's chain-of-title depends on two purported transfers:  a transfer from Holiday to Soundmen around 1998 and an assignment from Soundmen to Plaintiff "in approximately 2008."  FAC ¶¶ 18, 20.  Yet Plaintiff does not allege that either the purported transfer from Holiday to Soundmen nor the subsequent alleged assignment of those same rights from Soundmen to Plaintiff were ever memorialized *in writing*.  Under 17 U.S.C. section 204, any transfer or assignment of copyright ownership must be in writing signed by the owner of the rights conveyed.  17 U.S.C

§ 204(a); *Konigsberg Int'l Inc. v. Rice*, 16 F.3d 357–58 (9th Cir. 1994) (affirming dismissal because "a transfer of copyright is simply 'not valid' without a writing" that was "substantially contemporaneous with the oral agreement" (citing 17 U.S.C. § 204(a)).  The Ninth Circuit has explained the import of this requirement:

> Section 204 ensures that the creator of a work will not give away his copyright inadvertently and forces a party who wants to use the copyrighted work to negotiate with the creator to determine precisely what rights are being transferred and at what price.  Most importantly, section 204 enhances predictability and certainty of copyright ownership—Congress' paramount goal when it revised the Act in 1976.  Rather than look to the courts every time they disagree as to whether a particular use of the work violates their mutual understanding, parties need only look to the writing that sets out their respective rights.

*Effects Assocs., Inc. v. Cohen*, 908 F.2d 555, 557 (9th Cir. 1990) (affirming dismissal) (internal citations and quotations omitted).  Because Plaintiff identifies no written agreement, Plaintiff's pleading gives rise to the precise ownership ambiguities that section 204 was meant to eliminate.

And, notably, beyond failing to identify or attach any written transfer agreements, Plaintiff does not even allege a specific date on which any purported transfers supposedly occurred, rendering Plaintiff's allegations implausible on their face.  Further, publicly available records from the Florida Department of State and the New York Secretary of State indicate that Soundmen was defunct at the time it allegedly assigned the rights in "Moonraker" to Plaintiff and that Plaintiff was not formed until 17 years after the alleged assignment occurred.  Washington Decl. Exs. 3-4.  No amendment can cure this defect.  Plaintiff cannot possibly cure through additional pleading the inability of a dissolved entity to assign rights.

Plaintiff's infringement claim based on its purported ownership of the composition copyright for "Moonraker" fails for yet another reason.  Even if Plaintiff had alleged a valid transfer (and it has not), where Holiday retained some

ownership rights in the composition, Holiday was entitled to license the work to Parkwood, and Defendants were validly authorized to use the work consistent with that license. *Oddo v. Ries*, 743 F.2d 630, 633 (9th Cir. 1984) ("[E]ach co-owner has an independent right to use or license the use of the copyright." (citations omitted)); *Morrill v. Smashing Pumpkins*, 157 F. Supp. 2d 1120, 1126–27 (C.D. Cal. 2001) ("[A] non-exclusive licensee of a copyright co-owner, therefore cannot be subject to copyright infringement for its use of [the licensed copyright]"). Here, Plaintiff admitted that Holiday was the author of the composition copyright embodied in "Moonraker" and retained a 50 percent ownership stake in the publishing rights for the work. *See supra* at 3-4; Dkt. No. 1 ¶¶ 14, 16. Plaintiff's original complaint alleged that Holiday's purported transfer of the composition was for only a one-half interest, with Holiday retaining ownership of the other half. *See id.* Specifically, it alleged that even after Holiday's supposed 1998 transaction with Soundmen, Holiday "remained entitled to 50% of the publishing revenue for the composition," and that Soundmen later assigned to Plaintiff only "½ ownership of the publishing rights to the composition, 'Moonraker,'"—presumably since Soundmen could not convey more than the 50 percent interest it received from Holiday. FAC ¶¶ 18, 20. On those allegations, it is clear that Holiday remained a co-owner of the composition.

As such, Holiday was entitled to license the composition rights in the work to Parkwood. A co-owner may freely offer a nonexclusive license to its copyright without consent of any other co-owners. *Oddo*, 743 F.2d at 632–33; *Morrill*, 157 F. Supp. 2d at 1126–27. And, therefore, Parkwood's use of the composition embodied in "Moonraker" pursuant to the nonexclusive license it took from Holiday (FAC ¶ 26; *see also* Washington Decl. ¶ 2) cannot form the basis of an infringement claim. *See Morrill*, 157 F. Supp. 2d at 1126-27.

Once Plaintiff was alerted to this flaw in its pleading, it simply changed its complaint in a brazen attempt to circumvent its prior allegations. Washington Decl.

1  ¶¶ 6-7.  The FAC newly alleges (without attaching any purported agreements)[4] that

2  Holiday transferred "all" rights in the composition of "Moonraker" to Soundmen,

3  which Plaintiff thereafter acquired.  *See supra* at 3; FAC ¶¶ 18, 20.  But a plaintiff

4  "cannot amend pleadings to directly contradic[t] an earlier assertion made in the

5  same proceeding."  *Airs Aromatics, LLC v. Victoria's Secret Stores Brand Mgmt,*

6  *Inc.*, 744 F.3d 595, 600 (9th Cir. 2014) (alteration in original) (quotation marks and

7  citation omitted) (denying leave to amend as futile); *see also Wong v. Flynn-Kerper*,

8  No. 18-cv-4468, 2019 WL 4187375, at *4 n.2 (C.D. Cal. May 16, 2019) ("[A]ny

9  subsequent complaint must only allege facts consistent with prior pleadings.")

10  "[W]here allegations in an amended complaint contradict those in a prior complaint,

11  a district court need not accept the new alleged facts as true, and may, in fact, strike

12  the changed allegations as false and sham."  *Harbridge v. Schwarzenegger*, No. 07-

13  cv-4486, 2012 WL 13252724, at *7 (C.D. Cal. Jan. 4, 2012) (quotation marks and

14  citation omitted); *Howard v. Cnty. of Kern*, No. 24-cv-00387, 2025 WL 708641, at

15  *5 n.5 (E.D. Cal. Mar. 5, 2025) (finding earlier allegations undermined plaintiff's

16  assertion in amended complaint, and noting that "where factual allegations in an

17  amended complaint are inconsistent with facts alleged in a prior complaint, a court

18  need not accept the new allegations as true").

19     Plaintiff's failure to allege ownership of the copyrights at issue means that

20  Plaintiff lacks standing to bring copyright infringement claims; Plaintiff's claims

21  should be dismissed with prejudice.  *See  Sybersound Records, Inc. v. UAV Corp.*,

22  517 F.3d 1137, 1144–46 (9th Cir. 2008) (affirming dismissal with prejudice where

23  plaintiff failed to plausibly allege that it was either an owner or exclusive licensee

24  of the asserted copyrights).

25

26

---

27  [4] Again, Plaintiff's counsel admitted as recently as December 10, 2025 that he has not reviewed
the terms of these purported agreements.  *See* Washington Decl. ¶ 9. So, it is unclear how any

28  change to its terms from the original complaint to the FAC could be substantiated.

## B. Any Copyright Claim is Barred by 17 U.S.C. Section 205(e)

Even if Plaintiff had adequately alleged ownership, Plaintiff's copyright claims are also barred by 17 U.S.C. section 205(e) as a matter of law. Section 205(e) provides that:

> A nonexclusive license, whether recorded or not, prevails over a conflicting transfer of copyright ownership if the license is evidenced by a written instrument signed by the owner of the rights licensed . . . and if . . . the license was taken in good faith before recordation of the transfer and without notice of it.

17 U.S.C. § 205(e). Under the express language of the statute, a written, nonexclusive license takes priority over a conflicting copyright transfer if the licensee obtained the nonexclusive license in good faith, without notice of the transfer, and before the other transfer was recorded.

Section 205(e)'s protection plainly applies here. Plaintiff has not alleged that *any* of the purported transfers in the chain of title were recorded, including the last-in-time transfer to Plaintiff.

In contrast, the nonexclusive license[5] between Parkwood and Holiday for the use of the composition and sound recording of "Moonraker" was memorialized in writing and executed on September 6, 2022 by Holiday (a.k.a. "Foremost Poets"), who created "Moonraker" in 1998.[6] Washington Decl. Ex. 1; FAC ¶ 26 ("Parkwood . . . opted to contract with Defendant Holiday for a master use license of the sound recording, 'Moonraker' to create . . . 'Alien Superstar'"). There is no allegation that Parkwood had notice of Plaintiff's supposed, undocumented alleged ownership of

---

[5] The Court may consider the full license, which is incorporated by reference into the Complaint. *Corinthian Colls.*, 655 F.3d at 999 (Courts can "consider unattached evidence on which the complaint necessarily relies if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the document." (quotations and citations omitted)).

[6] Because Plaintiff fails to allege a valid transfer of any rights from Holiday to Soundmen, the allegations only support a conclusion that Holiday, the alleged author of Moonraker, retains ownership of the copyrights in the work. *Yellowcake, Inc.*, 522 F. Supp. 3d at 762 (an oral agreement can only create a nonexclusive license, not a transfer of ownership).

the composition or sound recording for "Moonraker" at the time the license was granted to Parkwood.  Indeed, the only purported documentation of Plaintiff's supposed ownership is a 2025 copyright registration that *post-dates* the license and does not constitute either a transfer of ownership or recordation of that transfer in any event.  *Compare* FAC Ex. A (March 31, 2025 registration date), *with* Washington Decl. Ex. 1 (license executed September 6, 2022).

Because, pursuant to section 205(e), an unrecorded transfer is subordinate to a later executed nonexclusive license taken "without notice" of the alleged transfer, Plaintiff's copyright infringement claims are barred.  Plaintiff alleges no facts that would support its supposed priority over the license granted to Parkwood, and Plaintiff's copyright claims fail for this independent reason.

A closely analogous case is *Fox v. Riverdeep, Inc.*, No. 07-13622, 2008 WL 5244297 (E.D. Mich. Dec. 16, 2008).  In *Fox v. Riverdeep*, the plaintiff alleged to have acquired a copyright in 1997 of a software program, but did not record the transfer until July 2004.  *Id*. at *1.  In February 2004, months before recordation, Defendant Riverdeep, mistakenly believing it owned the rights, granted Defendant Cash a written, nonexclusive license.  *Id*.  Relying on Defendant Riverdeep's representations, Defendant Cash marketed and sold the software through her company.  *Id*.  Because the plaintiff recorded the copyright only after Defendant Cash obtained the license, no constructive notice existed.  *Id*. at *4.

The parallels to this case are noteworthy.  Like the plaintiff in *Fox v. Riverdeep*, Plaintiff, here, alleges a "transfer" at some point "after" the 1998 creation of "Moonraker," but does not and cannot allege any timely, recorded transfer that would put subsequent licensees on notice.  Parkwood, like Defendant Cash, relied on an executed, written instrument from the person presented as the rights holder, Holiday.  And just as the *Fox v. Riverdeep* court indicated that a late recorded transfer cannot defeat a good-faith license issued without notice, section 205(e)

1  dictates the same outcome here.

2       In short, Plaintiff does not allege that Soundmen ever recorded the alleged

3  transfer from Holiday to Soundmen, nor does Plaintiff allege that it recorded the

4  alleged assignment of those same rights from Soundmen to Plaintiff.  Plaintiff also

5  does not—and cannot—allege that Parkwood had notice of any purported

6  undisclosed and unrecorded alleged transfer of the copyrights in "Moonraker" to

7  Soundmen or subsequent alleged assignment to Plaintiff when entering the license

8  with Holiday.  Again, the *only* record pertaining to Plaintiff's claim to the copyrights

9  in "Moonraker" is the registration filed in 2025 well after Parkwood's 2022 license.

10  Under section 205(e), that ends the inquiry.  Plaintiff's copyright infringement claim

11  fails for this independent and dispositive reason.[7]

12  ### C.    Plaintiff Fails to Plausibly Allege Secondary Infringement

13       As a threshold matter, Plaintiff's failure to allege any unauthorized use of its

14  works that would give rise to a direct infringement claim likewise dooms its

15  secondary infringement claims.  To establish a claim for secondary infringement, a

16  plaintiff "must establish that there has been direct infringement by third parties."

17  *See Perfect 10, Inc. v. Amazon.com, Inc*., 508 F.3d 1146, 1169 (9th Cir. 2007).

18  Plaintiff's secondary infringement claims should be dismissed for this reason alone.

19       Plaintiff's contributory infringement claim fails for another reason.

20  Contributory copyright infringement requires "knowledge of another's

21  infringement."  *Erickson Prods., Inc. v. Kast*, 921 F.3d 822, 831 (9th Cir. 2019);

22  *Luvdarts, LLC v. AT & T Mobility*, LLC, 710 F.3d 1068, 1072–73 (9th Cir. 2013)

23  (contributory infringement requires "actual knowledge of specific acts of

24  infringement" or "[w]illful blindness of specific facts") .  The FAC does not allege

25  ---

26  [7] Even had Plaintiff recorded the alleged transfers before Parkwood licensed "Moonraker" from Holiday (and Plaintiff did not allege that it did), the recordation of an unregistered copyright would not provide the requisite notice to maintain the priority of Plaintiff's claim.  *See In re World*

27  *Auxiliary Power Co.*, 303 F.3d 1120, 1125-26 (9th Cir. 2002) (recording interest in unregistered copyright does not provide constructive notice under section 205).  Thus, on Plaintiff's own

28  allegations, the license took priority over any transfer.

facts showing that Parkwood had knowledge of any purported infringement.  In fact, the FAC does not allege that Parkwood had any notice of Plaintiff's alleged ownership such that it would know that any use of the work in connection with "Alien Superstar" was unauthorized.  *See Harrington v. Pinterest, Inc.*, No. 20-cv-05290, 2021 WL 4033031, at *4 (N.D. Cal. Sept. 3, 2021) (noting plaintiff "nowhere allege[d] . . . that Pinterest knew or had reason to know that these photographs were infringing").  To the contrary, the FAC alleges that Parkwood "opted to contract with" Holiday for a license to the work for use in "Alien Superstar."  FAC ¶ 26.  It is implausible that Parkwood would pay Holiday a license fee had Parkwood believed that Plaintiff was the bona fide owner, particularly when no known, actual basis to question Holiday's rights existed.  Plaintiff thus has not plausibly alleged a contributory infringement claim.

### D.  Plaintiff's Lanham Act Claim Is Factually Deficient And Fails as a Matter of Law

Plaintiff's claim for "[v]iolation of [the] Lanham Act" is merely a repackaged copyright claim.  The FAC pleads no actionable false designation of origin under section 43(a)(1)(A) and identifies no false statement in commercial advertising or promotion under section 43(a)(1)(B).  Rather, the claim targets defendants' alleged unauthorized use of the expressive content embedded in the asserted work: Plaintiff's Lanham Act theory is that defendants misrepresented the "origins," "authorship," and "ownership" of the Moonraker sample in "Alien Superstar," thereby harming Plaintiff's reputation and confusing the public.  FAC ¶ 48.

As the Supreme Court and Ninth Circuit courts have held, such a claim is not viable under the Lanham Act.  *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 37–38 (2003); *see also Sybersound Records, Inc.*, 517 F.3d at 1144–45 (affirming dismissal of Lanham Act claim with prejudice where alleged misrepresentations concerned licensing status).  In *Dastar*, the Supreme Court

explained that the Lanham Act's prohibition on making false or misleading statements about the "origin of goods" regulates statements about "the producer of the *tangible goods* that are offered for sale" and not to the author of any expressive content embodied in "communicative products"—in that case a video.  539 U.S. at 36–37; *see also id.* (rejecting a read of the Lanham Act that would "creat[e] a cause of action for, in effect, plagiarism").  Consistent with that guidance, courts in this Circuit have held that "there is no claim under the Lanham Act for copying, revising, and using a copyright-able work," as Plaintiff alleges here.  *Akar, Inc. v. Foreign Exch., Inc.*, No. 09-cv-4940, 2009 WL 10673204, at *7 (C.D. Cal. Sept. 18, 2009) (citation omitted).

The plaintiff's trademark claim in *Jones v. Twentieth Century Studios, Inc.*, rested on nearly identical allegations.  *See* No. 21-cv-5890, 2021 WL 6752228, at *9-10 (C.D. Cal. Dec. 7, 2021).  There, the plaintiff alleged harm to his goodwill caused by defendants allegedly passing off plaintiff's script as their own and reproducing that script in a screenplay.  *Id.* at *1–2, *9–10.  The court rejected plaintiff's claim as preempted by copyright because it mirrored plaintiff's copyright claim.  *Id.* at *9-10.  The same reasoning applies with equal force here.  Through its Lanham Act claim, Plaintiff seeks to vindicate its alleged rights in the work of authorship embodied in "Moonraker" and allegedly reproduced in "Alien Superstar."  Those are rights protected by the Copyright Act not the Lanham Act. *See id.*  "The only difference between Plaintiff's copyright and trademark claims is that in the latter claims, Plaintiff[] allege[s] that consumers will be confused by the unauthorized use."  *Lions Gate Ent. Inc. v. TD Ameritrade Servs. Co., Inc.*, 170 F. Supp. 3d 1249, 126–68 (C.D. Cal. 2016).  Under such allegations, Plaintiff's Lanham Act claim fails.  *See id*; *see also Jones*, 2021 WL 6752228, at *9–10*.

Plaintiff's Lanham Act claim should be dismissed with prejudice.  *Akar, Inc.*, 2009 WL 10673204, at *1 (dismissing Lanham Act claim with prejudice where the

1    plaintiff alleged that the defendants copied its architectural designs and drawings

2    and passed the designs off as their own); *Kent v. Universal Studios, Inc.*, No. 08-cv-

3    2704, 2008 WL 11338293, at *4 (C.D. Cal. Aug. 15, 2008) (dismissing Lanham Act

4    claim under *Dastar* without leave to amend); *Lions Gate.*, 170 F. Supp. 3d at 1266–

5    68 (dismissing Lanham Act claim with prejudice as "futile" where defendants were

6    alleged to have violated the Lanham Act by used copyrighted expression from the

7    film "Dirty Dancing" in an advertisement).

8    **V.    CONCLUSION.**

9         For the foregoing reasons, Parkwood respectfully request that the Court

10    dismiss all claims asserted against them in the FAC with prejudice.

11

12    Dated: December 17, 2025                LATHAM & WATKINS LLP

13                                           By:/s/ Laura R. Washington

14                                           Laura R. Washington (Bar No. 266775)
                                              *laura.washington@lw.com*
15                                           Brittany N. Lovejoy (Bar No. 286813)
                                              *brittany.lovejoy@lw.com*
16                                           Dixon M. Carvalho Anderson (Bar No. 333894)
                                              *dixon.anderson@lw.com*
17                                           10250 Constellation Blvd, Suite 1100
                                             Los Angeles, California 90067
18                                           Telephone (424) 653-5500
                                             Facsimile: (424) 653-5501
19
20                                           *Attorneys for Defendant Parkwood*
                                             *Entertainment, LLC*
21

22

23

24

25

26

27

28

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Parkwood Entertainment certifies that this brief contains 4,747 words, which complies with Local Rule 11-6.1 and the word limit set by the Standing Order dated August 27, 2025.

Dated: December 17, 2025                    By: */s/ Laura R. Washington*
                                                Laura R. Washington