LATHAM & WATKINS LLP
Laura R. Washington (Bar No. 266775)
*laura.washington@lw.com*
Dixon M. Carvalho Anderson (Bar No. 333894)
*dixon.anderson@lw.com*
10250 Constellation Blvd, Suite 1100
Los Angeles, California 90067
Telephone (424) 653-5500

Brittany N. Lovejoy (Bar No. 286813)
*brittany.lovejoy@lw.com*
505 Montgomery Street, Suite 2000
San Francisco, California 94111
Telephone: (415) 391-0600

*Attorneys for Defendants*
*Parkwood Entertainment, LLC*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

HIROSE ENTERPRISES, LLC,

Plaintiff,

v.

JOHN HOLIDAY, professionally known as FOREMOST POETS, PARKWOOD ENTERTAINMENT, LLC, SONY MUSIC ENTERTAINMENT, SONY MUSIC PUBLISHING (US), LLC, and W CHAPPELL MUSIC CORP. d/b/a WC MUSIC CORP.,

Defendants.

Case No.: 2:25-cv-06973-MEMF-AJR

**DECLARATION OF LAURA R. WASHINGTON IN SUPPORT OF PARKWOOD'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**

Date: February 12, 2026
Time: 10:00 am
Courtroom: 8B

Hon. Maame Ewusi−Mensah Frimpong

# DECLARATION OF LAURA R. WASHINGTON

I, Laura R. Washington, declare as follows:

1. I am a partner of the law firm of Latham & Watkins LLP ("Latham") and an attorney duly admitted to practice before this Court in the above-captioned action. I am counsel for defendant Parkwood Entertainment, LLC ("Parkwood"). I make this declaration in support of Parkwood's Motion to Dismiss the First Amended Complaint.

2. Attached hereto as **Exhibit 1** is a true and correct copy of the license agreement between Parkwood, Attribute Events Company, and Foremost Poets Publishing (entities owned and controlled by Defendant John Holiday ("Holiday")), executed on September 6, 2022.

3. Attached hereto as **Exhibit 2** is a true and correct copy of the search results from a search query of the United States Copyright Office's online Public Records System for all copyrights registered from January 1, 1998 through December 17, 2025, which include the keyword "Moonraker."

4. Attached hereto as **Exhibit 3** is a true and correct copy of the Office of the New York Secretary of State's entity information for Soundmen on Wax, Ltd available at https://apps.dos.ny.gov/publicInquiry/EntityDisplay, as of December 17, 2025.

5. Attached hereto as **Exhibit 4** is a true and correct copy of the Office of the Florida Secretary of State's entity information for Hirose Enterprises, LLC, available at https://search.sunbiz.org/Inquiry/CorporationSearch/SearchResultDetail?inquirytype=EntityName&directionType=Initial&searchNameOrder=HIROSEENTERPRISES%20L250003608940&aggregateId=flal-l25000360894-44f0612a-8f4a-4425-a2c8-f7a4ee25e30a&searchTerm=Hirose%20Enterprises&listNameOrder=HIROSEENTERPRISES%20L250003608940, as of December 17, 2025.

6. Prior to the stipulation filed by the parties to permit Plaintiff to file the First Amended Complaint (Dkt. 37), I and counsel for Sony Music Entertainment, Sony Music Publishing, LLC (erroneously sued as Sony Music Publishing (US), LLC), and W Chappell Music Corp. d/b/a "WC Music Corp." (together the "Defendants' Counsel") met and conferred with Plaintiff's counsel about the deficiencies in Plaintiff's original complaint. During this meet and confer, Defendants' Counsel identified deficiencies in Plaintiff's original complaint, including that Plaintiff's original complaint alleged that Defendant John Holiday ("Holiday") was a co-owner of the composition of Moonraker. Defendants' Counsel explained that Parkwood's use of the composition embodied in "Moonraker" pursuant to the nonexclusive license between Parkwood and Holiday could not form the basis of any infringement claim.

7. Subsequent to the meet and confer, Plaintiff filed its First Amended Complaint and revised its allegations regarding the ownership of the composition to Moonraker. *See* FAC ¶ 20.

8. In accordance with Local Rule 7-3, on December 10, 2025, Defendants' Counsel met and conferred concerning Defendants' forthcoming motion to dismiss. Defendants' Counsel explained that each of Plaintiff's claims lacked merit and should be dismissed. Plaintiff would not agree to dismiss any of its claims. During that meet and confer, Plaintiff's counsel informed Defendants' Counsel that it was his understanding that individual defendants Beyoncé Knowles-Carter, Honey Redmond, Luke Solomon, and Chris Penny Solomon had not been served with the First Amended Complaint. Plaintiff's counsel further informed Defendants' Counsel that he had not seen nor reviewed the agreements that allegedly transfer the rights at issue in the FAC from Holiday to Soundmen on Wax, LTD ("Soundmen") and the alleged assignment of those rights from Soundmen to Plaintiff.

9. Defense counsel has repeatedly asked that Plaintiff's counsel provide copies of any written agreements related to Plaintiff's allegations in the original

complaint and FAC. As of the date of this filing, Plaintiff's counsel has not provided any agreement related to Plaintiff's allegations.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 17, 2025 at Los Angeles, California.

By */s/ Laura R. Washington*
Laura R. Washington