Ilene S. Farkas (*pro hac vice pending*)
ifarkas@pryorcashman.com
Rebecca Mandel (State Bar No. 340990)
rmandel@pryorcashman.com
**PRYOR CASHMAN LLP**
1901 Avenue of the Stars, Suite 900
Los Angeles, California 90067
Telephone: (310) 683-6900
Facsimile: (310) 943-3397

*Attorneys for Defendants Sony Music Entertainment,
Sony Music Publishing (US) LLC and W Chappell Music Corp.*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HIROSE ENTERPRISES, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN HOLIDAY, et al.,<br><br>Defendants. | Case No. 2:25-cv-06973-MEMFR-AJR<br><br>**NOTICE OF JOINDER AND JOINDER OF DEFENDANTS SONY MUSIC ENTERTAINMENT, SONY MUSIC PUBLISHING (US) LLC AND W CHAPPELL MUSIC CORP. IN DEFENDANT PARKWOOD ENTERTAINMENT, LLC'S MOTION TO DISMISS PLAINTIFF'S FAC**<br><br>Date: February 12, 2026<br><br>Time: 10:00 a.m.<br><br>Place: Courtroom 8B |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

Please take notice that Defendants Sony Music Entertainment, Sony Music Publishing (US) LLC, and W Chappell Music Corp. *d/b/a* WC Music Corp. (collectively, "Defendants"), through their undersigned counsel hereby join in Defendant Parkwood Entertainment, LLC's Motion to Dismiss Plaintiff's First Amended Complaint ("FAC") pursuant to Rule 12(b)(6) (the "Motion"). (Dkt. No. 38.)

Defendants respectfully join in each of the bases for dismissal raised in the Motion. The Plaintiff's FAC is deficient on at least the following grounds:

1. Plaintiff has not plausibly alleged that it owns and/or has the right to enforce the copyrights for which it requests relief. This failure is dispositive because without ownership and/or the right to sue for infringement, Plaintiff lacks standing to bring copyright infringement claims. Plaintiff claims a decades-long (and yet to be disclosed) chain of title for the sound recording and underlying musical composition "Moonraker," yet never pleads the basic facts the Copyright Act requires to plausibly allege any purported transfer of ownership, namely a writing signed by the owner to evidence the required transfer to Plaintiff. The FAC identifies no executed transfer from Defendant Holiday (the admitted author of the works at issue) to Plaintiff's alleged predecessor, Soundmen on Wax, LTD and no executed assignment from Soundmen on Wax, LTD to Plaintiff. The FAC attaches no transfer agreements and vaguely references an "agreement," yet fails to plead when it was executed (if it was actually reduced to writing) or any other details, including as to the existence of (requisite) written instrument(s). The FAC relies instead on conclusory assertions that rights to both the sound recording and composition shifted "after" 1998 and again "in approximately 2008," without alleging that these transfers were effectuated by signed writings, as required under 17 U.S.C. § 204(a). Defendants have been requesting this information (if it exists) for months, but Plaintiff has refused to provide the information in communications between the

2

Pryor Cashman LLP
1901 Avenue of The Stars, Ste. 900
Los Angeles, California 90067
Telephone: (310) 556-9608
Facsimile: (310) 556-9670

parties or allege it in its pleadings, including the FAC. Plaintiff's ongoing failure to plead required elements to establish standing is dispositive of Plaintiff's copyright claims, which should be dismissed.

2. Plaintiff's infringement claims are also barred pursuant to 17 U.S.C. § 205(e). This provision provides that a non-exclusive license executed in good faith from a then-copyright owner's predecessor is valid if the applicable instrument(s) of transfer is not recorded at the time such license is granted. Plaintiff concedes that Parkwood Entertainment, LLC ("Parkwood") obtained a nonexclusive license for the relevant uses of the "Moonraker" musical composition and sound recording from Defendant John Holiday, the admitted author and performer of "Moonraker", and does not allege any facts suggesting that Parkwood had reason to believe Defendant Holiday lacked authority to grant such a license. Plaintiff's allegations indicate that none of the relevant chain of title "transfers" were recorded at all, at least not at any time before Parkwood's license. Under Section 205(e), the unrecorded (purported) transfers on which Plaintiff's ownership is allegedly based are subordinate to Parkwood's license taken "without notice" of such transfers. Plaintiff's copyright claims must fail for this independent reason as the uses complained of are duly authorized.

3. Plaintiff's infringement claim based on its purported ownership of the composition copyright for "Moonraker" fails because Defendant Holiday was entitled to license the work to Parkwood. Plaintiff's original complaint alleged that Defendant Holiday transferred 50% of his copyright in the composition, leaving him with the remaining 50% of the copyright. Plaintiff alleged that even after Defendant Holiday's supposed 1998 transaction with Soundmen on Wax, LTD, Defendant Holiday "remained entitled to 50% of the publishing revenue for the composition," and that Soundmen on Wax, LTD later assigned to Plaintiff only "½ ownership of the publishing rights to the composition, 'Moonraker,'"—presumably since Soundmen on Wax, LTD could not convey more than the 50 percent interest it received from Defendant Holiday. (Dkt. No.

1 ¶¶ 14, 16.) As a co-owner of the composition copyright, Defendant Holiday was entitled to license the composition rights in the work to Parkwood, and no claim for infringement can be stated against such a licensee as a matter of well-settled law. A co-owner may freely offer a non-exclusive license to its copyright without consent of any other co-owners.

4. Plaintiff's failure to plead any claim for direct copyright infringement (for the reasons stated above) compels dismissal of its secondary liability claims as well. Furthermore, Plaintiff has failed to plead the requisite "knowledge" of any of the Defendants required for contributory infringement – Defendants reasonably relied on the duly executed license to use the musical work at issue obtained by Parkwood. Indeed, Plaintiff admits that the Defendants sought and obtained (and paid valuable consideration for) a license respecting the uses at issue from Defendant Holiday, who Plaintiff also admits authored (at least in part) the works at issue for that license. Because contributory infringement requires some awareness that a use was unauthorized (and Plaintiff does not [and cannot] plead any facts suggesting that Defendants had reason to question Defendant Holiday's authority) Plaintiff's contributory liability claim should be dismissed.

5. Plaintiff's Lanham Act claim based on the alleged "false representations of the authorship and ownership" of "Moonraker" is an attempt to repackage a copyright claim as a Lanham Act claim, and is squarely barred by Supreme Court precedent. *See Dastar Corp. v. Twentieth Century Fox Film Corp., 539 U.S. 23, 37–38 (2003)*. Plaintiff otherwise fails to allege the elements of any viable Lanham Act theory.

Accordingly, Defendants respectfully request that the Court dismiss Plaintiff's First Amended Complaint as against Sony Music Entertainment, Sony Music Publishing (US) LLC, and W Chappell Music Corp. *d/b/a* WC Music Corp., without leave to amend.

**PRYOR CASHMAN LLP**

Dated: December 17, 2025   By:   /s/ Rebecca Mandel
                                           Ilene S. Farkas
                                           ifarkas@pryorcashman.com
                                           Rebecca Mandel
                                           rmandel@pryorcashman.com

*Attorneys for Defendants Sony Music Entertainment, Sony Music Publishing (US) LLC and W Chappell Music Corp.*