O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

HIROSE ENTERPRISES, LLC,

                    Plaintiff,

     v.

JOHN HOLIDAY et al,

                    Defendants.

Case No.:  2:25-cv-06973-MEMF-AJR

**ORDER GRANTING PARKWOOD'S MOTION TO DISMISS; GRANTING IN PART REQUEST FOR JUDICIAL NOTICE; AND DENYING MOTION TO STRIKE [DKT. NOS. 38, 38-6, 43]**

     Before the Court are a Motion to Dismiss, Request for Judicial Notice, and Motion to Strike filed by Plaintiff Parkwood Entertainment, LLC. Dkt. Nos. 38 ("Motion"), 38-6 ("RJN"), and 43 ("Motion to Strike"). For the reasons stated herein, the Court GRANTS the Motion, GRANTS IN PART the RJN, and DENIES the Motion to Strike.

/ / /

/ / /

/ / /

/ / /

1

## I.    Background

### A.  Factual Background[1]

Plaintiff Hirose Enterprises, LLC is a limited liability company, licensed to and doing business in the State of California. 1AC ¶ 5. Defendant Parkwood Entertainment, LLC is an active corporation organized and existing pursuant to the laws of the State of New York with a principal place of business located in the Central District, State of California. *Id.* ¶ 7. Parkwood is engaged in the publishing, distribution, and recording of music. *Id.* ¶ 16.

In approximately 1998, John Holiday authored the sound recording and musical composition entitled "Moon Raker." *Id.* ¶ 17. Holiday subsequently agreed to transfer rights to the sound recording, composition, and copyright ownership to Soundmen on Wax, Ltd. *Id.* ¶ 18. In 2008, Soundmen on Wax, Ltd. assigned its catalogue of publishing and sound recording rights to Hirose. *Id.* ¶ 20. Hirose obtained a copyright registration of the sound recording "Moonraker," with the U.S. Copyright Office. *Id.* The U.S. Copyright Office has issued a registration certificate bearing Registration Number Sr0001027666. *Id.*

In 2020, Parkwood, in collaboration with other individuals and businesses, composed and wrote "Alien Superstar." *Id.* ¶ 23. Alien Superstar used an unauthorized sample of Moonraker. *Id.* ¶ 24. Parkwood allegedly was aware that Alien Superstar used an unauthorized sample of Moonraker. *Id.* ¶¶ 24, 26. Alien Superstar was released as part of an album named Renaissance, which was released on July 29, 2022. *Id.* ¶¶ 24-25. Hirose did not authorize the use of the copyright material to Parkwood. *Id.* ¶ 28.

Based upon a side-by-side comparison of the two songs, a layperson could hear similarities in the lyrics, arrangement, melody, core expression, content, and other compositional elements in both songs and conclude that the songs are essentially identical, and the infringing "Alien Superstar" clearly used the Hirose's "Moonraker" as a basis for the infringing Alien Superstar. *Id.* ¶ 29

### B.  Procedural History

---

[1] Except as otherwise indicated, the following factual background is derived from Hirose's First Amended Complaint. Dkt. No. 37 ("1AC"). The Court includes these allegations only as background and makes no finding on whether they are true.

On July 29, 2025, Hirose filed suit in this Court. Dkt. No. 1. On November 13, 2025, Hirose filed its First Amended Complaint. 1AC.

On December 17, 2025, Parkwood filed the instant Motion and Request for Judicial Notice. Motion; RJN. On December 17, 2025, Plaintiffs Sony Music Entertainment, Sony Music Publishing (US) LLC, and W Chappell Music Corp. d/b/a WC Music Corp filed a Notice of Joinder of the Motion. Dkt. No. 39. On January 7, 2026, Parkwood filed a Notice of Hirose's Failure to File an Opposition to the Motion. Dkt. No. 41. On January 12, 2026, Hirose filed an Opposition.[2] Dkt. No. 42 ("Opposition"). On January 13, 2026, Parkwood filed a Motion Strike Hirose's Opposition. Dkt. No. 43 ("Motion to Strike"). On January 20, 2026, Parkwood filed a Reply. Dkt. No. 47 ("Reply"). On January 28, 2026, Hirose filed a Response to Defendant's Motion to Strike. Dkt. No. 59 ("Response").

On February 9, 2026, the Court found these matters appropriate for resolution without oral argument. Dkt. No. 60; *see* Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

## **REQUEST FOR JUDICIAL NOTICE (DKT. NO. 38-6)**

### I.   **Applicable Law**

A court may judicially notice facts that: "(1) [are] generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Under this standard, courts may judicially notice "undisputed matters of public record," but generally may not notice "disputed facts stated in public records." *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001*), overruled on other grounds by Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119, 1125–26 (9th Cir. 2002).

On a motion to dismiss, courts are generally prohibited from "consider[ing] any material beyond the pleadings." *United States v. Corinthian Colleges*, 655 F.3d 984, 998 (9th Cir. 2011)

---

[2] Under Local Rule 7-12, "[a] Court may decline to consider any memorandum or other document not filed within the deadline set by order or local rule. The failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion . . . ." The Court's Civil Standing Order orders the parties that "all Motions must be filed in accordance with the following modified briefing schedule . . . . Opposition: Must be filed no later than fourteen (14) days after the filing of the initial Motion." Civil Standing Order § VIII.B. Although Hirose has failed to comply with the Court's Orders, the Court will not deny Hirose's Opposition on this basis. The parties are admonished that future failures to comply with Court Orders may result in the Court declining to consider the parties' briefing.

(quoting *Lee*, 250 F.3d at 688). Courts generally only consider the complaint and other materials "submitted with and attached to the Complaint." *Id.* at 999. Documents not attached to the complaint—including documents that might otherwise be subject to judicial notice—may only be considered if: "(1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the document." *Id.* (citing *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir.2006)).

## II.   **Discussion**

In support of its Motion, Parkwood requests the Court judicially notice four (4) documents. RJN at 1-2. Hirose filed an Opposition to Parkwood's request. Opposition at 16-17. The requests are listed below (with descriptions based on Parkwood's description of the documents):

1. Exhibit 1 – A true and correct copy of the license agreement (the "License") between Parkwood, Attribute Events Company, and Foremost Poets Publishing (entities owned and controlled by Parkwood John Holiday ("Holiday")), executed on September 6, 2022, grants master-use and a composition license to Parkwood for the non-exclusive right to use the Master to the song "Moonraker" in the song "Alien Superstar" by Beyoncé Knowles-Carter;

2. Exhibit 2 – A true and correct copy of the search results from a search of the United States Copyright Office's online Public Records System for all copyrights registered from January 1, 1998 through December 17, 2025, which include the keyword "Moonraker";

3. Exhibit 3 – The Office of the New York Secretary of State's entity information for Soundmen on Wax, Ltd. A true and correct copy of the entity information is available at https://apps.dos.ny.gov/publicInquiry/EntityDisplay; and

4. Exhibit 4 – The Office of the Florida Secretary of State's entity information for Hirose Enterprises, LLC. A true and correct copy of the entity information is available at https://search.sunbiz.org/Inquiry/CorporationSearch/SearchResultDetail?inquirytype=EntityName&directionType=Initial&searchNameOrder=HIROSEENTERPRISES%20L250003608940&aggregateId=flal-l25000360894-44f0612a8f4a-

4425-a2c8f7a4ee25e30a&searchTerm=Hirose%20Enterprises&listNameOr
der=HIROSEENTERPRISES%20L250003608940.

*See* RJN. The Court finds that the documents are relevant to Parkwood's claims and relied on in the 1AC as they pertain to the copyright and Lanham Act claim. Hirose concedes that "the Court [may] notice the fact that Soundmen on Wax was dissolved or that Hirose Enterprises was formed on a certain date," but asserts that the Court cannot draw the conclusion regarding the copyright ownership based on the corporate status of Soundmen and Hirose Enterprises. Opposition at 16-17. As noted above, under Rule 201(b), courts generally may not notice disputed facts in public records. Exhibits 3 and 4 involve the corporate status of Soundmen and Hirose Enterprises. Pursuant to *Lee*, the Court judicially notices the dissolution and formation dates, but the Court will not judicially notice that such dates substantiate Hirose's ownership or non-ownership of the copyright at issue because they are disputed facts. Thus, the Court finds reason to judicially notice the facts and documents.

### III.    Conclusion

Accordingly, the Court GRANTS in Part Parkwood's Request for Judicial Notice as to Exhibits 1-4 and ORDERS as follows:

1.  The Court judicially notices Exhibit 1;

2.  The Court judicially notices Exhibit 2;

3.  The Court judicially notices Exhibit 3 for the limited purpose that it states Soundmen's dissolution date; and

4.  The Court judicially notices Exhibit 4 for the limited purpose that it states Hirose Enterprises' formation date.

### MOTION TO STRIKE (DKT. NO. 43)

### I.    Applicable Law

#### A.  Governing Local Rules

Under Local Rule 7-12, "[a] Court may decline to consider any memorandum or other document not filed within the deadline set by order or local rule. The failure to file any required

document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion . . . ."

Under Local Rule 11-6.1, "[e]xcept as otherwise provided in this rule or ordered by a judge, no memorandum of points and authorities, pretrial brief, trial brief, or posttrial brief may exceed 7,000 words, including headings, footnotes, and quotations but excluding the caption, the table of contents, the table of authorities, the signature block, the certification required by L.R. 11-6.2, and any indices and exhibits. A handwritten brief or a brief prepared using a typewriter may not exceed 25 pages, excluding the caption (if on a separate cover page), the table of contents, the table of authorities, the signature block, and any indices and exhibits."

Under Local Rule 11-6.2, "[a]ny memorandum of points and authorities, pretrial brief, trial brief, or posttrial brief, except those that are handwritten or prepared using a typewriter, must include on the last page of the document a certificate by the attorney or the unrepresented party filing the document that the document complies with the type-volume limitation of L.R. 11-6.1. The person preparing the certificate may rely on the word count of the word-processing system used to prepare the document."

The Court's Civil Standing Order orders the parties that "all Motions must be filed in accordance with the following modified briefing schedule . . . . Opposition: Must be filed no later than fourteen (14) days after the filing of the initial Motion." Civil Standing Order § VIII.B.

## II.    Discussion

Parkwood argues that Hirose's Opposition should be stricken for failure to comply with Local Rules and the Court's Civil Standing Order. *See* Motion to Strike.

Per the Court's Civil Standing Order, Hirose's opposition or notice of non-opposition was due by December 31, 2025, fourteen (14) days from the filing of the Motion. See Civil Standing Order § VIII.B. Hirose, however, filed its opposition on January 12, 2026, twenty-six (26) days after the filing of the Motion. Hirose did not seek an order to continue its deadline to file an opposition.

In its response, Hirose characterizes its untimely opposition as a product of excusable neglect, stating that it mistakenly calendared the briefing schedule under Local Rule 7-9, which

provides that an opposition is due twenty-one (21) days prior to the scheduled hearing. Response at 2.

To determine whether a party's failure to meet a deadline constitutes excusable neglect, courts must apply a four-factor equitable test, examining: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Ahancian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)); *see also Pincay v. Andrews*, 389 F. 3d 853 (9th Cir. 2004).

On August 5, 2025, the Court advised the parties to "maintain familiarity with the Standing Order." Dkt. No. 18. As such, Hirose was on notice of the Court's operative procedures and schedules months prior to the Motion being filed. Although the Court finds that prejudice to Defendants is minimal and there will not be significant delay, Response at 2-3, Hirose has not demonstrated excusable neglect for failing to comply with the Court's Standing Order.

Hirose's Opposition also does not comply with Local Rule 11-6.1 as it exceeds 7,000 words, and Local Rule 11-6.2 because it lacks a certificate of compliance. In the Opposition, Hirose includes citations to exhibits. *See generally* Opposition. However, Hirose failed to include the exhibits in the opposition, impacting the Court's ability to evaluate Hirose's arguments.

In sum, Hirose's has failed to comply with the Court's Civil Standing Order and numerous Local Rules. *See* Civil Standing Order § VIII.B; C.D. Cal. L.R. 11-6. Although the Court does not strike the Opposition, the Court will consider whether sanctions are appropriate. C.D. Cal. L.R. 7-13, 83-7.

**III.    Conclusion**

For the above reasons, the Court DENIES Parkwood's Motion to Strike and ORDERS as follows:

1.  Hirose shall show cause, in writing, as to why sanctions should not be imposed within seven (7) days of this Order.

**MOTION TO DISMISS (DKT. NO. 31)**

**I.    Applicable Law**

7

### B.  Failure to State a Claim

Parkwood brings its Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Federal Rule of Civil Procedure 12(b)(6) allows a party to seek to dismiss a complaint for "failure to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  Labels, conclusions, and "formulaic recitation of a cause of action's elements" are insufficient. *Twombly*, 550 U.S. at 545.

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.  Generally, a court must accept the factual allegations in the pleadings as true and view them in the light most favorable to the plaintiff.  *Soo Park v. Thompson*, 851 F.3d 910, 918 (9th Cir. 2017); *Lee*, 250 F.3d at 679.  But a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

When a party claims "fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b); *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054-55 (9th Cir. 2011) (explaining the "heightened pleading standard of Rule 9(b) and how fraud must state with particularity the circumstances constituting fraud).

As a general rule, leave to amend a dismissed complaint should be freely granted unless it is clear the complaint cannot be saved by any amendment. Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

### II.    Discussion

Parkwood argues that Hirose has failed to state a claim for relief as to the following causes of action: (1) Copyright Infringement; and (2) Violation of the Lanham Act. *See generally* Motion. For

the reasons stated below, the Court finds that Hirose has failed to state a claim upon which relief can be granted as to each claim.

### A.  Hirose Does Not Sufficiently Plead a Claim for Copyright Infringement.

The parties dispute whether Hirose has properly pleaded ownership of the at issue copyright; in particular, their dispute centers around whether Hirose has properly pleaded the existence of transfers in writing, as required by Section 204.

"The Copyright Act, 17 U.S.C. § 106, protects the owner of a copyright by granting him or her exclusive rights to reproduce, distribute, and publicly display copies of the work." *Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792, 799 (9th Cir. 2003). "A prima facie case of copyright infringement by reproduction is established by showing *ownership* by the Hirose and *copying* by the Parkwood." *Id.* (emphasis added). This is called the *Feist* test. *See Feist Pubs., Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991) ("To establish infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original."). The Copyright Act provides that copyright ownership "vests initially in the author or authors of the work." 17 U.S.C. § 201(a).

Under 17 U.S.C. § 204, "[a] transfer of copyright ownership, other than by operation of law, *is not valid* unless an instrument of conveyance, or a note or memorandum of the transfer, *is in writing* and signed by the owner of the rights conveyed or such owner's duly authorized agent." 17 U.S.C. § 204(a) (emphasis added).

　　　　　　i.　　Hirose Has Not Demonstrated Ownership—A Requirement for a Copyright Infringement Claim.

　　　　　　　　1.　*There Is No Writing Establishing Ownership.*

Parkwood argues that Hirose lacks statutory standing under 17 U.S.C. § 204 because it has not plausibly alleged ownership because neither of the purported transfers providing Hirose with ownership were "memorialized in writing" as required by Section 204(a). Motion at 6-7; Reply at 3. Hirose states that failure to plead the existence of a writing pursuant to 17 U.S.C. § 204(a) is not a proper basis upon which to dismiss a complaint and it satisfied the pleading requirements by alleging ownership and providing a certificate of registration. Opposition at 13-14.

Hirose states that Section 204(a) "serves an 'evidentiary function'" only and as a result, a third party "may not raise noncompliance" with Section 204(a) at the motion to dismiss stage. Opposition at 14-15 (first citing *Konigsberg Int'l Inc. v. Rice*, 16 F.3d 355, 357 (9th Cir. 1994); then citing *DRK Photo v. McGraw-Hill Global Educ. Holdings, LLC*, 870 F.3d 978, 986 (9th Cir. 2017)). As Parkwood points out, the Ninth Circuit has—notwithstanding the foregoing—determined that "a third party is not foreclosed from challenging a plaintiff's ownership for purposes of standing . . . . Indeed, it is the plaintiff who has the burden of establishing a qualifying ownership interest both as a substantive element of the infringement claim." 870 F.3d at 986; *see also* Reply at 3-4. As such, Parkwood is not foreclosed from challenging copyright ownership allegations at this stage.

Here, the parties do not dispute that: (1) Holiday authored the copyright material; and (2) Holiday transferred "any and all rights" to the copyright material to Soundmen in 1998; and (3) Soundmen assigned its rights to Hirose in 2008. 1AC ¶¶17-18, 20; Motion at 3; Opposition at 13-14. Given that Hirose's alleged ownership is based upon copyright transfers, Section 204 requires that such transfers be memorialized in writing. 17 U.S.C. § 204(a). Thus, Hirose must allege or substantiate that the transfers were memorialized in writing to have statutory standing. *See Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011) ("Though lack of statutory standing requires dismissal for failure to state a claim, lack of Article III standing requires dismissal for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1)."); *Vaughn v. Bay Env't Mgmt., Inc.*, 567 F.3d 1021, 1024 (9th Cir. 2009) ("[A]dismissal for lack of statutory standing is properly viewed as a dismissal for failure to state a claim rather than a dismissal for lack of subject matter jurisdiction."). Hirose, however, has failed to allege that the 1998 and 2008 transfers involved written agreements. Motion at 7; *see generally* 1AC. And Hirose does not allege "a specific date on which any purported transfers supposedly occurred." *Id.* As a result, Hirose has not sufficiently alleged ownership pursuant to Section 204(a) and therefore, lacks statutory standing.[3] *Iqbal*, 556 U.S. at 678; *Maya*, 658 F.3d at 1067; *Feist Pubs., Inc.*, 499 U.S. at 361.

---

[3] Plaintiff attaches Shuji Hirose's Declaration to its Opposition, which states that the 1998 original contract between Soundmen and Holiday confirming a 50/50 publishing split was lost in a storage theft. Dkt. No. 41-1 ¶ 6. Because

*2. Public Records Do Not Substantiate Statutory Standing.*

Public records further fail to support Hirose's copyright ownership. A search of Soundmen on the New York Secretary of State indicates that Soundmen was inactive in 2002—prior to its alleged 2008 copyright assignment to Hirose. Dkt. No. 38-4 at 2; Motion at 7; Reply at 6. And a search of Hirose on the Florida Secretary of State demonstrates that Hirose was formed on August 6, 2025—seventeen years after the alleged 2008 copyright assignment. Dkt. No. 38-5 at 2; Motion at 7; Reply at 6. The dissolution of Soundmen effectively renders Soundmen's inability to hold intellectual property rights as the entity no longer existed. Motion at 7; Opposition at 16; *see Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1037 (9th Cir. 2010) ("After a specified period post-dissolution, however, the corporation ceases to exist."); Del. Code Ann. tit. 6, § 18–803 (holding that the corporation ceases once the certificate of cancellation is filed). The same analysis is applied to Hirose's date of formation. Hirose, a non-existent entity at the relevant period, could not have obtained a copyright assignment. *Id.* Taken together, the available public records do not support Hirose's ownership of the copyright material and thus, do not demonstrate statutory standing under Section 204(a).

*3. Hirose's Pleadings Contradict One Another.*

Lastly, Hirose's original Complaint is at odds with its First Amended Complaint. In the original Complaint, Hirose asserts that the alleged 2008 copyright assignment resulted in Hirose acquiring "1/2 ownership of the publishing rights." Dkt. No. 1 ¶ 16. The First Amended Complaint states that Hirose "acquired 100% ownership . . . of the publishing rights." 1AC ¶ 20. And the Opposition reverts to the original complaint, asserting that Holiday possessed 50% ownership. Dkt. No. 42-1 ¶ 2; Reply at 5. The Ninth Circuit has held that "[a] party cannot amend pleadings to 'directly contradic[t] an earlier assertion made in the same proceeding.'" *Air Aromatics, LLC v. Victoria's Secret Stores Brand Mgmt.*, 744 F.3d 595, 600 (9th Cir. 2014) (quoting *Russell v. Rolfs,* 893 F.2d 1033, 1037 (9th Cir. 1990)). Assessing Hirose's claim with the presumption that

---

statutory standing is viewed under Rule 12(b)(6), the Court is not inclined to consider Hirose's Declaration. Because the 1AC does not discuss the storage theft or 1998 contract being memorialized in writing, Hirose lacks statutory standing.

Holiday retained a 50% ownership in the publication rights results in a similar conclusion—Hirose has not alleged exclusive ownership to establish statutory standing.[4] Motion at 8.

Accordingly, regardless of whether 50% or 100% of the publication rights were assigned, Hirose lacks statutory standing under Section 204(a) as it has failed to sufficiently allege ownership of the copyright material.

>               ii.    Hirose's Copyright Claim Is Barred by 17 U.S.C. § 205(e).

Section 205(e) provides that "[a] nonexclusive license, whether recorded or not, prevails over a conflicting transfer of copyright ownership if the license is evidenced by a written instrument signed by the owner of the rights licensed or such owner's duly authorized agent, and if: (1) "the license was taken before execution of the transfer;" or (2) "the license was taken in good faith before recordation of the transfer and without notice of it." 17 U.S.C. § 205(e).

Parkwood argues that Hirose has not alleged that "any of the purported transfers in the chain of title were recorded." Motion at 10; Reply at 6-7. Parkwood also points to the fact that the nonexclusive license between Parkwood and Holiday "was memorialized in writing and executed on September 6, 2022. *Id.*; Dkt. No. 38-2. Hirose contends that that Section 205(e) is an affirmative defense which cannot be resolved at this pleading stage because it requires factual findings. Opposition at 17-19.

"Ordinarily affirmative defenses may not be raised by motion to dismiss . . . ." *Boquist v. Courtney*, 32 F.4th 764, 774 (9th Cir. 2022) (citing *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984) (per curiam)). "But a complaint may be dismissed when the allegations of the complaint give rise to an affirmative defense that clearly appears on the face of the pleading." *Id.*; *see Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 979 (9th Cir. 1999) (holding a "motion to dismiss based on an affirmative defense will be granted only if the defense is apparent on the face of the complaint

---

[4] The Court notes that as a co-owner of the copyright, Holiday would be entitled to use of the copyright as well as providing a non-exclusive license. *See Oddo v. Ries*, 743 F.2d 630, 633 (9th Cir. 1984) ("[E]ach co-owner has an independent right to use or license the use of the copyright." (citations omitted)). Thus, Holiday had the right to license the copyright material to Parkwood. Motion at 8; 1AC ¶ 26

and documents subject to judicial notice"). "The existence of a [copyright] license is an affirmative defense." *Spinelli v. Nat'l Football League*, 903 F.3d 185, 197 (2d Cir. 2018).

Parkwood contends that the 1AC explicitly alleges that Holiday transferred the copyright material rights to Soundmen in 1998, and Soundmen subsequently transferred the rights to Hirose in 2022. Motion at 11-12. Because neither transfer was recorded, Parkwood claims that the affirmative defense under Section 205(e) appears on the face of the complaint. *Id.* But this is not the case. Hirose explicitly alleges in the 1AC that Parkwood was "aware" that Parkwood was unauthorized to use the copyright material before contracting with Holiday for a master license. *Id.*¶¶ 23, 26. If true, this would defeat the affirmative defense under Section 205(e). Accordingly, the affirmative defense under Section 205(e) does *not* appear on the face of the 1AC and the Court is not empowered to dismiss this claim on that basis.

Accordingly, because Hirose fails to sufficiently allege ownership over the copyright, the Court concludes that Hirose failed to sufficiently allege a copyright claim.[5]

### B.  Hirose Does Not Sufficiently Plead a Claim Under the Lanham Act.

The parties dispute whether Hirose's 1AC sufficiently pleads a claim under the Lanham Act. Motion at 13-15; Opposition at 24-27; Reply at 9.

Section 43(a) of the Lanham Act provides that a party "shall be liable in a civil action" if the party "uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact" which is likely to cause confusion, mistake, or deceive another "as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person." 15 U.S.C. § 1125(a).

Parkwood relies on *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 37–38 (2003), asserting that the Supreme Court has held that there is no Lanham Act claim under Section

---

[5] Because the 1AC fails to adequately allege direct copyright infringement and Parkwood's knowledge of infringement, there cannot be secondary or contributory copyright infringement. Motion at 12-13; Opposition at 21-24; *see Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1169 (9th Cir. 2007) (holding a claim for secondary infringement "must establish that there has been direct infringement by third parties"); *Erickson Prods., Inc. v. Kast*, 921 F.3d 822, 831 (9th Cir. 2019) (stating a contributory copyright claim requires "knowledge of another's infringement").

43(a) for "copying, revising, and using a copyright-able work." Motion at 14; Reply at 9-10. In other words, Parkwood posits that if a Lanham Act claim mirrors a copyright claim, the Copyright Act preempts the Lanham Act claim. *Id.* Hirose argues that this matter is distinguishable from *Dastar*. Opposition at 25. In *Dastar*, the Supreme Court found that the "origin of goods" under Section 43(a) relates to "to the producer of the tangible goods that are offered for sale, and not to the author of any idea, concept, or communication embodied in those goods." 539 U.S. at 37-38. Holding so would "would be akin to finding that [Section] 43(a) created a species of perpetual patent and copyright, which Congress may not do." *Id.* The court also stated: "If, moreover, the producer of a video that substantially copied the Crusade series were, in advertising or promotion, to give purchasers the impression that the video was quite different from that series, then one or more of the respondents might have a cause of action—not for reverse passing off under the 'confusion . . . as to the origin' provision of § 43(a)(1)(A), but for misrepresentation under the 'misrepresents the nature, characteristics [or] qualities" provision of § 43(a)(1)(B).'" *Id.*

The 1AC alleges that Parkwood's use of the copyright material misrepresented the "origins of the sound recording and musical composition, in violation of the Lanham." 1AC ¶ 48. It further asserts that the misrepresentation would cause the public to "believ[e] that […] Holiday rather than [Hirose] is the exclusive holder of the copyright." *Id.*

As to Section 43(a)(1)(B), Hirose does allege misrepresentation. 1AC ¶ 48; Opposition at 26. But its misrepresentation claims are centered on the "authorship of the derivative sport"— specifically misleading consumers to believe Hirose is not "the exclusive holder of the copyright" 1AC ¶ 48. Thus, the alleged misrepresentation relates to the origins of the sound recording. *Dastar*, 539 U.S. at 37-38 ("For merely saying it is the producer of the video; however, no Lanham Act liability attaches[.]"); Reply at 9-10.

In sum, Hirose's claims appear to be based on the authorship of the musical composition rather than the production of tangible goods that are offered for sale. *Dastar*, 539 U.S. at 37–38; Motion at 14; Reply at 9-10. Because Hirose, in its copyright infringement claim, similarly asserts infringement as to the authorship of the copyright material, Hirose's copyright and Lanham Act

claims mirror each other. 1AC ¶¶ 32-35, 48. Pursuant to *Dastar*, Hirose has not sufficiently pled a Lanham Act violation.

### C. Leave to Amend is Warranted.

Under Rule 15(a), leave to amend "shall be freely given when justice so requires." *Lopez v. Smith*, 203 F.3d 11222, 1127 (9th Cir. 2000). When dismissing a complaint for failure to state a claim, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Id.* at 1130. Thus, leave to amend is denied only where allowing amendment would unduly prejudice the opposing party, cause undue delay, or be futile. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

Parkwood claims that Hirose's copyright and Lanham Act claims should be dismissed without leave to amend because amendment would be futile. Motion at 7, 14; Reply at 10. Although Hirose has already amended its original Complaint, the Court does not find further amendment futile as Hirose could set forth additional allegations detailing the purported copyright transfers as well as clarifying its Lanham Act claim under *Dastar*. Opposition at 27-28. Given Rule 15(a)'s policy favoring amendment, the Court determines Hirose is entitled to leave to amend and amendment would not unduly prejudice the Parkwood, cause undue delay, or be futile. *Leadsinger*, 512 F.3d at 532.

### III.    Conclusion

For the reasons stated herein, Parkwood's Motion to Dismiss (Dkt. No. 38) is GRANTED in Part, Parkwood's Request for Judicial Notice (Dkt. No. 38-6) is GRANTED IN PART, and Parkwood's Motion to Strike (Dkt. No. 43) is Denied. The Court ORDERS as follows:

1. Hirose's Copyright claim is DISMISSED WITH LEAVE TO AMEND;

2. Hirose's Lanham Act claim is DISMISSED WITH LEAVE TO AMEND;

3. Hirose may file a Second Amended Complaint within fourteen (14) days of this Order;

4. Parkwood's Request for Judicial Notice is GRANTED IN PART;

    a. The Court judicially notices Exhibit 1;

    b. The Court judicially notices Exhibit 2;

    c.  The Court judicially notices Exhibit 3 for the limited purpose that it states Soundmen's dissolution date;

    d.  The Court judicially notices Exhibit 4 for the limited purpose that it states Hirose Enterprises' formation date.

5.  Parkwood's Motion to Strike is DENIED; and

    a.  Hirose shall show cause, in writing, as to why sanctions should not be imposed within seven (7) days of this Order.

IT IS SO ORDERED.

Dated: March 25, 2026

_____

MAAME EWUSI-MENSAH FRIMPONG

United States District Judge