DaShawn Hayes, State Bar No. 355912
THE HAYES LAW FIRM
A Professional Law Corporation
5757 Wilshire Blvd., Ste 656
Los Angeles, CA 90036
Tel.:          (323)570-0485
Email: dphayesesquire@gmail.com

*Attorneys for Plaintiff Hirose Enterprises, LLC*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HIROSE ENTERPRISES, LLC, | **Case No. 2:25-cv-06973-MEMF-AJR** |
| *Plaintiff,* | |
| v. | **PLAINTIFF'S RESPONSE TO THE COURT'S RULE TO SHOW CAUSE AS TO WHY SANCTIONS SHOULD NOT BE ORDERED  [ECF No. 61]** |
| JOHN HOLIDAY, *professionally known as* FOREMOST POETS, PARKWOOD ENTERTAINMENT, LLC, SONY MUSIC ENTERTAINMENT, SONY MUSIC PUBLISHING (US), LLC, and W CHAPPELL MUSIC CORP. *d/b/a* WC MUSIC CORP., | Hon. Maame Ewusi-Mensah Frimpong |
| *Defendants.* | |

**PLAINTIFF'S RESPONSE TO THE COURT'S RULE TO SHOW CAUSE AS TO WHY SANCTIONS SHOULD NOT BE ORDERED**

**LAW AND ARGUMENT**

The Plaintiff's, and its counsel's, non-compliance with this Court's standing order is without willfulness or repetition. Indeed, on August 5, 2025, this Honorable Court issued an order requiring all parties to familiarize itself with the Court's standing order. Dkt. No. 18. At the time of the issuance of the said order, the undersigned did view the standing order but made an oversight regarding the Court's deadlines for the filing of oppositions. As the Defendants filed their Motion to Dismiss more than four (4) months after the viewing of the standing order on December 17, 2025, only eight (8) days prior to an

---

impending major holiday, the undersigned made a mistake of only consulting the local rules of the Central District and appreciated that an opposition would be due twenty-one (21) days prior to the scheduled hearing of February 12, 2026 pursuant to L.R. 7-9, or January 19, 2026. As previously stated, this is the undersigned's first appearance before this Honorable Court, and an error was made in not reconciling the briefing deadline stated in the local rules this Court's standing order due to the firm's end-of-year rush, holiday season and length of time since viewing the Court's standing order in August 2025.

Additionally, this is the undersigned's first noncompliance with this Court's standing order. Generally, sanctions are warranted due to repetitious non-compliance with a Court's standing order after numerous warnings from the Court. *See, e.g., Fernandez v. Wind Chime Properties, L.P.,* CV1810625DMGKSX, 2020 WL 5802416, at \*5 (C.D. Cal. July 6, 2020); *Do v. MLG assessment Recovery*, 8:23-CV-00553-FWS-DFM, 2023 WL 11979560, at \*2 (C.D. Cal. May 18, 2023); *Edmonds v. City of Los Angeles*, 221CV03149FWSADS, 2023 WL 4681536, at \*1 (C.D. Cal. Mar. 30, 2023). In this matter, this Court has not been burdened with constantly and repeatedly warning or admonishing the undersigned about noncompliance with the standing order. Essentially, this is the first mistake.

To reiterate the Plaintiff's previous briefed arguments, the late-filing constitutes a good faith mistake, or excusable neglect, as the late-filed opposition has not caused any prejudice to the Defendants, and the formatting non-compliance was due to an urgent filing.

To determine whether a party's failure to meet a deadline constitutes excusable neglect, courts must apply a four-factor equitable test, examining: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Ahancian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010)(*quoting Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993); *See also*, *Pincay v. Andrews*, 389 F. 3d 853 (9th Cir. 2004).

In this matter, the Defendants have failed illustrate any prejudice as it has already filed a reply brief to the Plaintiff's opposition, and this Court's has denied their motion to strike. Dkt. No. 47 & 61. A party is prejudiced by their opposition's mistake if that mistake would make the party less likely to win on the merits. *Ahanchian v. Xenon Pictures, Inc.,* 624 F.3d 1253, 1260 (9th Cir. 2010). There are no dangers of prejudice to the defendant as the Plaintiff's opposition, albeit late filed, has not deprived the Defendants

of their right to submit a reply. As such, this Court should not order sanctions against the plaintiff due to lack of prejudice to the Defendants.

Secondly, the length of delay of the filing has no major impact on these proceedings. Although the plaintiff missed the deadline, the delay is not so long to impact these proceedings as litigation is at the stage of infancy. Moreover, based upon Section VIII B of this Court's standing order, only twenty-one days are required between the filing of the reply brief and the hearing of the motion. Here, the Defendants filed their reply brief on January 20, 2026, which is twenty-two (22) prior to the February 12th hearing.

Thirdly, as explained above, the late filing was due to the good faith mistake of the undersigned. Upon the service of the subject motion, the undersigned focus was on the central district's local rules to ascertain when an opposition would be due. Unfortunately, the local rule deadline was not reconciled with the standing order of this court. Again, although the undersigned reviewed the standing order at the time of the Court's August 2025 order, the undersigned committed an oversight in not reviewing the standing order again, four months later when the defendants' motion to dismiss was filed.

Fourthly, the plaintiff has acted in good faith in filing the subject opposition. Bad faith refers to a deliberate attempt to gain a tactical or strategic advantage in litigation by intentionally violating procedural rules. *See, Bateman v. U.S. Postal Serv.,* 231 F.3d 1220, 1225 (9th Cir. 2000). At no point in time herein, did the Plaintiff file the opposition late to gain a tactical or strategic advantage over the defendants. The late filing was due simply to a calendaring error caused by a good faith mistake.

Lastly, the Plaintiff's opposition does not meet certain formatting requirements per the Court's standing order. The lack of a table of contents, table of authorities, or additional words should not be fatal to the arguments urged within the Plaintiff's opposition. The formatting issues can be attributed to the urgency of filing an opposition passed its deadline, and not to the Plaintiff willfully ignoring the Court's standing order.

DATED:        April 1, 2026

Respectfully Submitted,

/s/DaShawn Hayes

DaShawn Hayes, State Bar No. 355912
THE HAYES LAW FIRM
A Professional Law Corporation
5757 Wilshire Blvd., Ste 656
Los Angeles, CA 90036
Tel.: (323)570-0485
Email: dphayesesquire@gmail.com

*Attorneys for Plaintiff Hirose Enterprises, LLC*