LATHAM & WATKINS LLP
  Laura R. Washington (Bar No. 266775)
   *laura.washington@lw.com*
  Dixon M. Carvalho Anderson (Bar No. 333894)
   *dixon.carvalhoanderson@lw.com*
  10250 Constellation Blvd, Suite 1100
  Los Angeles, California 90067
  Telephone: (424) 653-5500

  Brittany N. Lovejoy (Bar No. 286813)
   *brittany.lovejoy@lw.com*
  505 Montgomery Street, Suite 2000
  San Francisco, California 94111
  Telephone: (415) 391-0600

*Attorneys for Defendant*
*Parkwood Entertainment, LLC*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HIROSE ENTERPRISES, LLC, <br><br> Plaintiff, <br><br> v. <br><br> JOHN HOLIDAY, professionally known as FOREMOST POETS, PARKWOOD ENTERTAINMENT, LLC, SONY MUSIC ENTERTAINMENT, SONY MUSIC PUBLISHING (US), LLC, and W CHAPPELL MUSIC CORP. d/b/a WC MUSIC CORP., <br><br> Defendants. | Case No.: 2:25-cv-06973-MEMF-AJR <br><br> **NOTICE OF PARKWOOD'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT; PARKWOOD'S MOTION TO DISMISS SECOND AMENDED COMPLAINT; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> Date: July 9, 2026 <br> Time: 10:00 a.m. <br> Courtroom: 8B <br><br> Hon. Maame Ewusi-Mensah Frimpong |

CASE NO. 2:25-CV-06973-MEMF-AJR
PARKWOOD'S MOTION TO DISMISS SAC

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on July 9, 2026 at 10:00 a.m., or as soon thereafter as the matter may be heard before the Honorable Maame Ewusi-Mensah Frimpong in Courtroom 8B of the United States District Court for the Central District of California, located at 350 West 1st Street, Los Angeles, California 90012, Defendant Parkwood Entertainment, LLC ("Parkwood") will and hereby does move to dismiss the Second Amended Complaint ("SAC") for copyright infringement brought by Plaintiff Hirose Enterprises, LLC ("Plaintiff") pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Parkwood moves to dismiss on the grounds that Plaintiff: (1) lacks Article III standing; (2) lacks statutory standing under the Copyright Act because Plaintiff's copyright registration is invalid on its face and because Plaintiff fails to plausibly allege ownership of the work at issue; and (3) fails to make out a claim for secondary infringement because Plaintiff fails to plausibly allege an underlying act of direct infringement and also fails to plausibly allege that Parkwood had the requisite intent for contributory infringement.

Pursuant to Local Rule 7-3, counsel for Parkwood met and conferred telephonically with Plaintiff's counsel regarding the motion to dismiss on April 29, 2026.  Decl. of Laura R. Washington ¶ 4 ("Washington Decl.").

This motion to dismiss is based upon this notice, the attached motion, the memorandum of points and authorities, the declaration of Laura R. Washington, any documents judicially noticed by this Court,[1] and all pleadings, records, and files herein in the above-captioned case, and such oral argument as the Court may permit.

---

[1] *See* ECF No. 61 at 5.

Dated:  May 6, 2026

Respectfully submitted,

LATHAM & WATKINS LLP

By: */s/ Laura R. Washington*

Laura R. Washington (Bar No. 266775)
  *laura.washington@lw.com*
Dixon M. Carvalho Anderson (Bar No. 333894)
  *dixon.carvalhoanderson@lw.com*
10250 Constellation Blvd, Suite 1100
Los Angeles, California 90067
Telephone (424) 653-5500
Facsimile: (424) 653-5501

Brittany N. Lovejoy (Bar No. 286813)
  *brittany.lovejoy@lw.com*
505 Montgomery Street, Suite 2000
San Francisco, California 94111
Telephone: (415) 391-0600

*Attorneys for Defendant Parkwood Entertainment, LLC*

**MOTION TO DISMISS**

Pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Parkwood Entertainment, LLC ("Parkwood") hereby moves to dismiss the Second Amended Complaint ("SAC") filed by Plaintiff Hirose Enterprises, LLC with prejudice on the following grounds:[2]

- Plaintiff does not have Article III standing. Plaintiff concedes it was not formed until after this suit was filed and that it did not receive assignment of the asserted work until after the suit was filed. Plaintiff thus could not possibly have had a stake in the outcome of this litigation at the time it filed suit.

- Plaintiff does not have statutory standing to bring its claims for two reasons. First, Plaintiff did not exist as a legal entity at the time it purportedly obtained its copyright registration, and thus that registration is not valid. Second, Plaintiff fails to plausibly allege ownership of the sound recording or composition rights in the asserted work because the SAC does not sufficiently plead a valid chain of title or written and signed transfer agreements.

- Plaintiff fails to plausibly allege secondary copyright liability. First, there can be no secondary infringement without direct infringement.

---

[2] During the April 29, 2026 meet and confer with Plaintiff's counsel, Plaintiff's counsel informed Defendants' counsel that individual defendants Beyoncé Knowles-Carter, Honey Redmond, Luke Solomon, and Chris Penny Solomon (collectively, the "Individual Defendants") who were labeled as "defendants" in the SAC allegations but not in the caption, had not been served with the SAC. Washington Decl. ¶ 5. Moreover, Plaintiff has not filed any proofs of service. To the extent this Court finds the addition of the individual defendants to the SAC proper, the Individual Defendants are not required to respond to the SAC at this time. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999) (procedural obligations are not triggered by mere notice or awareness of lawsuit absent formal service); *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986) (absent proper Rule 4 service, the court lacks personal jurisdiction over the defendant, and any response obligation or default would be premature).

Second, the SAC does not plead facts showing the intent required for contributory infringement.

Dated:  May 6, 2026

Respectfully submitted,

LATHAM & WATKINS LLP

By: */s/ Laura R. Washington*
Laura R. Washington (Bar No. 266775)
  *laura.washington@lw.com*
Brittany N. Lovejoy (Bar No. 286813)
  *brittany.lovejoy@lw.com*
Dixon M. Carvalho Anderson (Bar No. 333894)
  *dixon.carvalhoanderson@lw.com*
10250 Constellation Blvd, Suite 1100
Los Angeles, California 90067
Telephone (424) 653-5500
Facsimile: (424) 653-5501

*Attorneys for Defendant Parkwood Entertainment, LLC*

# **TABLE OF CONTENTS**

**Page**

I.   INTRODUCTION ................................................................................................ 1

II.  FACTUAL BACKGROUND ............................................................................. 3

    A.   The Original Complaint ........................................................................... 3

    B.   The First Amended Complaint ................................................................ 4

    C.   The Second Amended Complaint ............................................................ 6

III. LEGAL STANDARD ........................................................................................ 8

IV.  ARGUMENT ................................................................................................... 10

    A.   Plaintiff Lacks Article III Standing ...................................................... 10

    B.   Plaintiff Lacks Statutory Standing ....................................................... 11

    C.   Plaintiff Fails To Plausibly Allege Secondary Infringement ............................................................................................. 18

    D.   The SAC Should Be Dismissed With Prejudice ................................... 19

V.   CONCLUSION ................................................................................................ 20

## TABLE OF AUTHORITIES

**Page(s)**

### CASES

*Air Aromatics, LLC v. Victoria's Secret Stores Brand Mgmt.*,
744 F.3d 595 (9th Cir. 2014) .................................................................................. 9

*Andersen v. Stability AI Ltd.*,
700 F. Supp. 3d 853 (N.D. Cal. 2023) .............................................................. 20

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .............................................................................................. 9

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) .............................................................................................. 9

*Campolo v. Duel*,
2023 WL 2558562 (C.D. Cal. Jan. 11, 2023) .................................................... 20

*Cox Communications, Inc. v. Sony Music Ent.*,
607 U.S. ___, 146 S. Ct. 959 (2026) .................................................................. 19

*Crafty Prods., Inc. v. Fuqing Sanxing Crafts Co.*,
839 F. App'x 95 (9th Cir. 2020) ........................................................................ 19

*Davis v. Fed. Election Comm'n*,
554 U.S. 724 (2008) ........................................................................................ 9, 11

*Feist Publications, Inc. v. Rural Tel. Serv. Co.*,
499 U.S. 340 (1991) ............................................................................................ 13

*Fourth Est. Pub. Benefit Corp. v. Wall-Street.com, LLC*,
586 U.S. 296 (2019) ............................................................................................ 12

*Freed Designs, Inc. v. Sig Sauer, Inc.*,
2014 WL 6837042 (C.D. Cal. Dec. 2, 2014) ...................................................... 11

*G.B. by & through G.P. v. United States Env't Prot. Agency*,
2026 WL 959839 (9th Cir. Apr. 9, 2026) ........................................................... 20

*Gonzalez v. United States Immigr. & Customs Enf't*,
975 F.3d 788 (9th Cir. 2020) .............................................................................. 11

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

vii

CASE NO. 2:25-CV-06973-MEMF-AJR
PARKWOOD'S MOTION TO DISMISS SAC

*Harbour Island Dev. Mgmt., LLC v. 4M Harbour Island Ltd.*,
   2020 WL 2124033 (C.D. Cal. Feb. 7, 2020) ........................................................ 10

*Harbridge v. Schwarzenegger*,
   2012 WL 13252724 (C.D. Cal. Jan. 4, 2012) ...................................................... 17

*Hollis v. Render*,
   2025 WL 2029815 (C.D. Cal. July 21, 2025) ...................................................... 11

*Hunley v. Instagram, LLC*,
   2022 WL 298570 (N.D. Cal. Feb. 1, 2022), *aff'd*, 73 F.4th 1060
   (9th Cir. 2023) ..................................................................................................... 20

*In re Gilead Scis. Sec. Litig.*,
   536 F.3d 1049 (9th Cir. 2008) .............................................................................. 9

*Kodadek v. MTV Networks, Inc.*,
   152 F.3d 1209 (9th Cir. 1998) ............................................................................ 12

*Konigsberg Int'l Inc. v. Rice*,
   16 F.3d 355 (9th Cir. 1994) ................................................................................ 14

*Leadsinger, Inc. v. BMG Music Publ'g*,
   512 F.3d 522 (9th Cir. 2008) ................................................................................ 9

*Lujan v. Defs. of Wildlife*,
   504 U.S. 555 (1992) .............................................................................................. 9

*Marchioli v. Pre-employ.com, Inc.*,
   2017 WL 8186761 (C.D. Cal. June 30, 2017) ..................................................... 15

*Maya v. Centex Corp.*,
   658 F.3d 1060 (9th Cir. 2011) ......................................................................... 9, 10

*Morales v. City & Cnty. of San Francisco*,
   603 F. Supp. 3d 841 (N.D. Cal. 2022) ................................................................ 13

*Morrill v. Smashing Pumpkins*,
   157 F. Supp. 2d 1120 (C.D. Cal. 2001) .............................................................. 17

*Oddo v. Ries*,
   743 F.2d 630 (9th Cir. 1984) .............................................................................. 17

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

viii

CASE NO. 2:25-CV-06973-MEMF-AJR
PARKWOOD'S MOTION TO DISMISS SAC

*Perfect 10, Inc. v. Amazon.com, Inc.*,
　508 F.3d 1146 (9th Cir. 2007) ............................................................................. 18

*Perfect 10, Inc. v. Visa Intern. Service Ass'n*,
　494 F.3d 788 (9th Cir. 2007) ............................................................................... 18

*Righthaven LLC v. Hoehn*,
　716 F.3d 1166 (9th Cir. 2013) ....................................................................... 11, 13

*Russell v. Rolfs*,
　893 F.2d 1033 (9th Cir. 1990) ............................................................................... 9

*San Luis & Delta-Mendota Water Auth. v. U.S. Dep't of the Interior*,
　905 F. Supp. 2d 1158 (E.D. Cal. 2012) ............................................................... 11

*Sapphire Crossing LLC v. Abbyy USA Software House, Inc.*,
　497 F. Supp. 3d 762 (N.D. Cal. 2020) ................................................................. 14

*Spokeo, Inc. v. Robins*,
　578 U.S. 330 (2016) ............................................................................................. 11

*Stanislaus Food Prods. Co. v. USS-POSCO Indus.*,
　782 F. Supp. 2d 1059 (E.D. Cal. 2011) ............................................................... 15

*Sybersound Records, Inc. v. UAV Corp.*,
　517 F.3d 1137 (9th Cir. 2008) ............................................................................. 18

*Whitaker v. Tesla Motors, Inc.*,
　985 F.3d 1173 (9th Cir. 2021) ............................................................................... 9

*Wong v. Flynn-Kerper*,
　2019 WL 4187375 (C.D. Cal. May 16, 2019) ..................................................... 17

*Wuxi Multimedia, Ltd. v. Koninklijke Philips Elecs., N.V.*,
　2006 WL 6667002 (S.D. Cal. Jan. 5, 2006) ........................................................ 14

*Yellowcake, Inc. v. Morena Music, Inc.*,
　522 F. Supp. 3d 747 (E.D. Cal. 2021) ................................................. 12, 13, 14, 20

**STATUTES**

17 U.S.C.A.
   § 408(a) ...................................................................................................... 12
   § 411(a) ...................................................................................................... 12
   § 501 .......................................................................................................... 13

17 U.S.C.
   § 204(a) ............................................................................... 5, 6, 14, 17
   § 205(e) ........................................................................................................ 5

Cal. Corp. Code § 17702.01(d) ................................................................. 10

Fla. Stat. Ann. § 605.0201(4) ..................................................................... 10

**RULES**

Fed. R. Civ. P. 12(b)(1) ................................................................................ 9

Fed. R. Civ. P. 12(b)(6) ................................................................................ 9

Fed. R. Civ. P. 17(b)(3) .............................................................................. 10

**REGULATIONS**

37 C.F.R. § 202.3(a)(3) ............................................................................... 12

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiff Hirose Enterprises, LLC ("Plaintiff") has now had *three* opportunities to state a cognizable copyright infringement claim against Parkwood Entertainment, LLC ("Parkwood"), and still cannot do so.  At this point, it is clear that Plaintiff never will.  Even after this Court rejected each of Plaintiff's claims, in part because key allegations in the First Amended Complaint ("FAC") blatantly contradicted allegations in the original complaint ("Original Complaint"), Plaintiff once again attempts to address gaps in its chain of title by inventing new, contradictory allegations that are implausible on their face.  Plaintiff's allegations concerning how it purportedly came to own the copyright in "Moonraker," how much of the copyright it owns, and whether any of the alleged string of transfers connecting the work's author—John Holiday ("Holiday")—to Plaintiff were memorialized in writing have collapsed into a tangled and self-contradictory morass that cannot be reconciled, much less credited as plausibly stating a claim.  Despite Plaintiff's best efforts to rewrite its allegations to resolve gaping holes in its claims, fatal flaws still persist.  Even if the Court credits Plaintiff's new, contradictory allegations (it should not), Plaintiff's claims still fail.

*First*, Plaintiff's allegations in the Second Amended Complaint ("SAC") reveal that it lacks Article III standing and standing under the Copyright Act.  Plaintiff now admits that it was not formed—and did not own any portion of the challenged copyright—until *after* the Original Complaint was first filed.  An entity that does not yet exist and does not own the copyright on which its infringement claims are based necessarily lacks Article III standing.

*Second*, Plaintiff's allegations remove any possible basis for statutory standing under the Copyright Act, even if Plaintiff were to refile this lawsuit.  Plaintiff's allegations still do not plausibly establish ownership in the asserted work.

Although Plaintiff has now alleged that numerous agreements supposedly establishing its ownership of the copyright were memorialized in writing (as is required under the Copyright Act), Plaintiff does not attach any of them to the SAC. Plaintiff also conspicuously fails to allege that a key transfer—from Soundmen on Wax Ltd. ("Soundmen") to Shuji Hirose ("Mr. Hirose")—was in writing. Even accepting Plaintiff's new chain-of-title allegations as true, this failure alone is sufficient reason to dismiss Plaintiff's claim. However, because the chain-of-title allegations themselves are internally inconsistent and contradicted by the Original Complaint, the FAC, Plaintiff's sworn filings on the original motion to dismiss and publicly available corporate filings, the Court should not credit them in the first place.

As just one example, because the Court dismissed Plaintiff's claim in part due to Plaintiff's failure to sufficiently allege how it came to own the work at issue, Plaintiff invents a new, intermediate transfer in the SAC to address this fatal gap. But this assignment is entirely absent from the Original Complaint and FAC, and indeed, wholly *replaces* an alleged transfer on which Plaintiff had previously based its ownership claims. The same is true of Plaintiff's new allegations that it acquired 100% of the copyright interest in "Moonraker" from Mr. Hirose (who allegedly acquired the same from Soundmen). Of course, neither of these supposed transfers are identified with any detail or attached to the SAC, and only one is even alleged to be in writing. The Court already rejected Plaintiff's attempt to abandon its admission in the Original Complaint that Holiday retained 50% of the composition rights. It should do so again here. In any event, whether Plaintiff owns 50% or 100% of the rights, its failure to allege a complete chain-of-title supported by written transfers defeats its claims.

*Third*, Plaintiff's secondary infringement claims fail because it has not sufficiently alleged any act of direct infringement. Plaintiff's contributory

infringement claim fails for the additional reason that Plaintiff has not alleged that Parkwood knew of or intended to induce infringement.

Given the number of times that Plaintiff has failed to plead ownership—particularly when it has been told over and over by Defendants exactly what is required—Plaintiff's pleading failures cannot be cured through further amendment, and dismissal with prejudice is appropriate. Plaintiff concedes facts establishing that it lacks both Article III and statutory standing and, as this Court has already held, it cannot plead around its admission that Holiday co-owns the copyright to the "Moonraker" composition and was thus entitled to license it to Parkwood. No additional opportunities to plead will remedy these fundamental failings. The SAC should be dismissed with prejudice.

## II.   FACTUAL BACKGROUND

### A.   The Original Complaint

Plaintiff's Original Complaint, filed on July 29, 2025, alleged that in approximately 1998, John Holiday authored the sound recording and musical composition entitled "Moonraker," including the ten second introduction at issue here. Original Compl. ¶ 13. Plaintiff alleged that, on an indeterminate date in or around 1998, Holiday and an entity called Soundmen on Wax, LTD ("Soundmen") entered into a "distribution" agreement whereby Holiday "transferred any and all rights to the sound recording, ('Master Recording') of 'Moonraker'" to Soundmen in exchange for $1500. *Id.* ¶¶ 14-15.

Notably, the Original Complaint did *not* allege that Holiday assigned all *composition rights* to Soundmen. Rather, it stated that Holiday and Soundmen agreed to "equally split all *publishing* revenue from the composition of 'Moonraker' on a 50/50 basis." *Id.* ¶ 14 (emphasis added). The Original Complaint further alleged that Soundmen subsequently transferred only "½ *ownership of the publishing rights* to the composition, 'Moonraker'" to Plaintiff—all Soundmen

*could* transfer if Holiday retained a half ownership interest in the composition. *Id.* ¶ 16 (emphasis added). The Original Complaint did not allege that any agreement concerning the ownership or transfer of copyrights in "Moonraker" was in writing. *See generally* Original Compl. The Original Complaint alleged that Plaintiff obtained a copyright registration for the sound recording in "Moonraker," which became effective on March 31, 2025. *Id.* Plaintiff did not provide a copy of any of the relevant transfers or allege that the requisite transfers of copyright ownership were in writing. Washington Decl. ¶ 8.

### B.    The First Amended Complaint

When Parkwood's counsel informed Plaintiff's counsel that it could not maintain a copyright infringement claim against Parkwood because Parkwood had obtained a valid license from Holiday—a co-owner of the composition under Plaintiff's original allegations—Plaintiff amended its complaint rather than voluntarily dismiss its baseless claim. Washington Decl. ¶¶ 2–3.

The allegations Plaintiff added to its FAC expressly contradicted the allegations in the Original Complaint identified by Parkwood's counsel. Namely, the FAC asserted that Holiday "transferred any and all rights to the sound recording *. . . and composition* of 'Moonraker'" to Soundmen and that Plaintiff thereafter "acquired 100% ownership of the sound recording 'Moonraker' *and* of the publishing rights to the composition, 'Moonraker'" from Soundmen. FAC ¶¶ 18, 20 (emphases added). The FAC further alleged that "in approximately 2008," Soundmen "assigned its catalogue of publishing and sound recording rights" to Plaintiff. *Id.* ¶ 20. The FAC still did not allege that any of the purported transfers were memorialized in writing. *See generally* FAC.

Parkwood moved to dismiss the FAC, arguing, among other things, that Plaintiff's claims failed because (1) it had not alleged ownership of a valid copyright due to the lack of any signed agreement transferring the rights to Plaintiff as required

by 17 U.S.C. § 204(a), (2) there were fatal problems with Plaintiff's chain of title allegations, including that public records indicated Soundmen was dissolved in 2002 (long before the alleged 2008 transfer) and that Plaintiff was not formed until August 2025, and (3) Plaintiff had alleged in the Original Complaint that it co-owned the "Moonraker" composition with Holiday and Plaintiff's contradictory allegations in the FAC suggesting otherwise need not be credited. *See* ECF No. 38 at 6–10.

In its Opposition, Plaintiff improperly sought to cure some of its pleading deficiencies by introducing additional "evidence" through a declaration, further confusing Plaintiff's factual narrative. Despite alleging in the Original Complaint that the 2008 transfer from Soundmen to Plaintiff resulted in Hirose acquiring "1/2 ownership of the publishing rights," Original Compl. ¶ 16, the FAC alleged that Plaintiff had acquired 100% of the publishing rights, FAC ¶ 20. The Opposition, however, reverted to the allegations from the Original Complaint. Declaration of Shuji Hirose ("Hirose Decl."), ECF No. 42-1 ¶ 2. No relevant written assignments were attached to the Hirose Declaration.

This Court dismissed Plaintiff's claims in full, agreeing with Parkwood's arguments.[3] *See* ECF No. 61 at 9–15. The Court held that Plaintiff lacked statutory standing to bring its copyright claims for three reasons. First, Plaintiff failed to allege the purported 1998 and 2008 transfers involved written agreements as required by Section 204(a). *Id.* at 9–11. Second, public records demonstrated Soundmen could not have transferred the alleged copyright to Plaintiff in 2008, as Plaintiff alleged, because neither entity was in existence at that time. *Id.* at 11. Finally, the Court determined that Plaintiff's allegation in the FAC that it owned 100% of the publication rights was "at odds" with the Original Complaint (and the

---

[3] The Court declined to dismiss Plaintiff's copyright claim on the basis of 17 U.S.C. § 205(e), but dismissed on other grounds.

Hirose Declaration at ECF No. 42-1). On that basis, Plaintiff had "not alleged exclusive ownership to establish statutory standing." *Id.* at 11–12 & n.4.

### C.    The Second Amended Complaint

The SAC rewrites Plaintiff's allegations yet again in an unsuccessful attempt to plead around the Court's dismissal of its claims. The SAC now alleges for the first time that Holiday and Soundmen entered into "a series of *written and signed* exclusive recording agreements" beginning in January 1998. SAC ¶ 19 (emphasis added). In particular, the SAC alleges that on January 15, 1998, Holiday and Soundmen entered into a "written and signed exclusive recording agreement" for "Moonraker," pursuant to which Holiday transferred "100% of copyright ownership in the master recordings to Soundmen." *Id.* ¶ 20. The SAC characterizes the 50/50 revenue split as a mere "contractual revenue-sharing arrangement" that "did not constitute a retention by Holiday of any co-ownership interest in the copyright." *Id.* Notably, though allegedly "in writing and signed . . . as required by 17 U.S.C. § 204(a)," Plaintiff still does not attach any of these purported written agreements to the SAC. *Id.* ¶ 23. And despite repeated requests from Parkwood's counsel to see these agreements, Plaintiff's counsel has admitted that he has only seen one of them (the purported 2015 agreement described below) and has refused to share *any* of them. Washington Decl. ¶¶ 6, 8.

The SAC's chain-of-title allegations have also changed dramatically. While the FAC alleged a direct 2008 transfer from Soundmen (after Soundmen was dissolved) to Plaintiff (17 years before Plaintiff was formed), the SAC now alleges an even more convoluted path: (1) Holiday transferred rights to Soundmen in 1998; (2) prior to Soundmen's dissolution, Shuji Hirose, the "sole principal of Soundmen," assigned the catalogue and copyright interests to himself *individually*; and (3) on August 6, 2025, Mr. Hirose assigned all rights to Plaintiff. SAC ¶¶ 33–34. Unlike the other purported agreements in the SAC, the critical assignment of the rights from

Soundmen to Mr. Hirose is *not* alleged to have been in writing or signed. *See id.* ¶ 33. The SAC also does not allege *when* this assignment occurred, does not attach or identify any document evidencing such a transfer, and does not explain why this allegation was not included in the prior two complaints (or in Mr. Hirose's sworn declaration attached to Plaintiff's motion to dismiss opposition at ECF No. 42-1).

The SAC's allegations also create new contradictions regarding Plaintiff's formation and the copyright registration. The SAC now concedes for the first time that Plaintiff was not incorporated until August 6, 2025. SAC ¶ 6. The SAC thus admits that certain actions—including the copyright registration of "Moonraker" (effective March 31, 2025) and the filing of this lawsuit (July 29, 2025)—were undertaken in Plaintiff's name *before Plaintiff even existed*. *Id.* ¶ 35. The SAC alleges that Plaintiff "ratified" those actions upon incorporation on August 6, 2025— effectively admitting that Plaintiff did not acquire any rights until after both the registration and the filing of this suit. *Id.*; *see also id.* (alleging that "the assignment of all rights from Shuji Hirose to Hirose Enterprises LLC was made effective as of [August 6, 2025]").

The SAC also adds new allegations concerning a purported 2015 Agreement between Holiday and Mr. Hirose "doing business as Soundmen on Wax" regarding a *different* work (a "new remix of 'Moonraker'") that allegedly confirmed "100% master recording ownership by *Soundmen on Wax*" and the 50/50 revenue split. *Id.* ¶ 37. But these allegations are internally inconsistent and in conflict with other allegations in the SAC. Plaintiff does not explain how it is that *Mr. Hirose* could enter into an agreement with Holiday for a remix of "Moonraker" if *Soundmen on Wax* owned 100% of rights in the work at that time. And the SAC elsewhere alleges that Mr. Hirose—not Soundmen—has "continuously owned and controlled" the "Moonraker" catalog "*in his individual capacity*" "[f]rom approximately 2002

through 2025." *Id.* ¶ 33. This 2015 document is also not attached to the SAC or otherwise provided to Parkwood, despite repeated requests. Washington Decl. ¶ 8.

Finally, the SAC attempts to bolster allegations of Parkwood's knowledge of the alleged infringement, adding conclusory allegations that (1) "Moonraker's" "extensive commercial history . . . would have provided inquiry notice" regarding its ownership, and (2) Parkwood had "actual knowledge, or at minimum constructive knowledge" of infringement. *Id.* ¶¶ 54, 70. As addressed below, those efforts are insufficient to state a contributory liability claim. *See infra* at IV.C.

Plaintiff's copyright infringement allegations otherwise remain the same.[4] The SAC alleges that Defendants "opted to contract with Defendant Holiday for a master use license of the sound recording, 'Moonraker' to create the infringing derivative work, 'Alien Superstar.'" SAC ¶ 56. More specifically, the SAC alleges that on September 6, 2022, Holiday, "through entities he owned and controlled . . . purported to grant Parkwood a nonexclusive license for the master use and composition of 'Moonraker' for use in 'Alien Superstar.'" *Id.* ¶ 57. Indeed, Parkwood obtained a written, nonexclusive master-use and composition license from Holiday on September 6, 2022, covering the "Moonraker" sound recording and composition. *See* ECF No. 38-1 ¶ 2; ECF No. 38-2.[5] Plaintiff alleges that Parkwood and Sony Music Entertainment subsequently released and distributed the track "Alien Superstar" as part of Beyoncé Knowles-Carter's 2022 *Renaissance* album. SAC ¶¶ 48, 52.

## III.    LEGAL STANDARD

"[L]ack of statutory standing requires dismissal for failure to state a claim," while "lack of Article III standing requires dismissal for lack of subject matter

---

[4] Plaintiff has abandoned its Lanham Act claim entirely following the Court's dismissal without prejudice. *Compare* FAC ¶¶ 48–50, *with* SAC (no Lanham Act claim); *see* ECF No. 61 at 13–15.

[5] Parkwood previously requested that the September 6, 2022 license agreement between itself and Holiday be judicially noticed. *See* ECF No. 38-6. The Court granted Parkwood's request and judicially noticed the September 6, 2022 license agreement. *See* ECF No. 61 at 5.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

CASE NO. 2:25-CV-06973-MEMF-AJR
PARKWOOD'S MOTION TO DISMISS SAC

jurisdiction under Federal Rule of Civil Procedure 12(b)(1)." *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011). A plaintiff must have had "an invasion of a legally protected interest," *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992), "when the suit was filed" to have Article III standing, *Davis v. Fed. Election Comm'n*, 554 U.S. 724, 734 (2008).

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Taken together, *Iqbal* and *Twombly* require well-pleaded facts, not legal conclusions, that plausibly give rise to an entitlement to relief. The plausibility of a pleading thus derives from its well-pleaded factual allegations." *Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1176 (9th Cir. 2021) (quotation marks and citations omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief,'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557), and "[t]he court need not . . . . accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences," *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). More, "[a] party cannot amend pleadings to 'directly contradict an earlier assertion made in the same proceeding.'" *Air Aromatics, LLC v. Victoria's Secret Stores Brand Mgmt.*, 744 F.3d 595, 600 (9th Cir. 2014) (quoting *Russell v. Rolfs*, 893 F.2d 1033, 1037 (9th Cir. 1990)).

Claims that cannot be cured by amendment should be dismissed with prejudice. *See, e.g.*, *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th

Cir. 2008) (district court may deny leave to amend when amendment would be futile).

## IV.    ARGUMENT

### A.    Plaintiff Lacks Article III Standing

Plaintiff now admits that it did not exist and had not yet been assigned the copyright to "Moonraker" when Defendants licensed the work from Holiday in 2022, or when it sued Defendants on July 29, 2025. Because Plaintiff did not exist and did not have any rights in "Moonraker" when it filed suit, it lacks standing under Article III. The SAC must be dismissed with prejudice on this basis. *Maya*, 658 F.3d at 1067.

In an attempt to address the deficiencies in its faulty chain-of-title allegations, Plaintiff now alleges that it was formed under Florida law on August 6, 2025, *see* SAC ¶ 6—eight days *after* this case was first filed, *see* Original Compl. (filed July 29, 2025). Under Florida law, Plaintiff had no legal existence when it brought its claims.[6] *See* Fla. Stat. Ann. § 605.0201(4) ("A limited liability company is formed when the company's articles of organization become effective"). Perhaps recognizing the standing problems Plaintiff's formation date causes, Plaintiff alleges that it "ratified" all prior actions "undertaken in the name of Hirose Enterprises LLC" and received assignment of the "Moonraker" copyright on August 6, 2025. SAC ¶¶ 34-35. But this purported "ratification" (for which Plaintiff pleads no facts in support) cannot retroactively cure Plaintiff's lack of Article III standing.

Under Article III, "the standing inquiry [is] focused on whether the party invoking jurisdiction had the requisite stake in the outcome *when the suit was filed*."

---

[6] In addition to lacking Article III standing, Plaintiff lacked the capacity to sue when it filed its claims. Under California law, which applies here since Plaintiff is an LLC, *see* Fed. R. Civ. P. 17(b)(3), Plaintiff had no capacity to sue until it was organized and formed. *See Harbour Island Dev. Mgmt., LLC v. 4M Harbour Island Ltd.*, 2020 WL 2124033, at *2 (C.D. Cal. Feb. 7, 2020) ("Under California Law, although an organized LLC has the capacity to sue and be sued, a legally nonexistent entity does not."); *see also* Cal. Corp. Code § 17702.01(d) ("A limited liability company is formed when the Secretary of State has filed the articles of organization.").

*Davis*, 554 U.S. at 734 (emphasis added).  A court considers "allegations in the operative amended complaint," *Gonzalez v. United States Immigr. & Customs Enf't*, 975 F.3d 788, 803 (9th Cir. 2020), but it analyzes the "*facts* that exist at the time of filing," *Righthaven LLC v. Hoehn*, 716 F.3d 1166, 1171 (9th Cir. 2013) (emphasis added); *see also San Luis & Delta-Mendota Water Auth. v. U.S. Dep't of the Interior*, 905 F. Supp. 2d 1158, 1169 (E.D. Cal. 2012) ("Post-filing events are not relevant to the standing inquiry.").  Standing cannot be based on a property interest (including a copyright interest) acquired after filing.  *Righthaven*, 716 F.3d at 1171; *see also Hollis v. Render*, 2025 WL 2029815, at *4 (C.D. Cal. July 21, 2025) (dismissing claim for trademark infringement without leave to amend because "Plaintiff's subsequent assignment after the filing of this action may not confer standing retroactively"); *Freed Designs, Inc. v. Sig Sauer, Inc.*, 2014 WL 6837042, at *2 (C.D. Cal. Dec. 2, 2014) (dismissing claim for patent infringement for same reason).

But that is precisely what Plaintiff has alleged.  Even crediting Plaintiff's unsupported ratification theory, the alleged assignment from Mr. Hirose to Plaintiff had not yet occurred when Plaintiff initiated the instant lawsuit.  *See* Original Compl. (filed July 29, 2025); SAC ¶ 34 (alleging that Mr. Hirose "assigned all right, title, and interest" in "Moonraker" to Plaintiff "[o]n or about August 6, 2025").  Plaintiff thus did not have *any* stake—let alone a legally cognizable injury in fact—in the outcome when the suit was filed.  Plaintiff's claims must be dismissed with prejudice for this reason alone.  *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016).

### B.    Plaintiff Lacks Statutory Standing

Plaintiff likewise lacks statutory standing under the Copyright Act.  Plaintiff does not, and cannot, allege that it secured a valid copyright registration before bringing its claims.  Plaintiff also still has not plausibly alleged ownership of the

"Moonraker" copyright. Either deficiency, by itself, warrants dismissal of Plaintiff's claims.

As an initial matter, Plaintiff's purported copyright registration (Ex. A to the SAC) is invalid. "Before pursuing an infringement claim in court, . . . a copyright claimant generally must comply with § 411(a)'s requirement that 'registration of the copyright claim has been made.'" *Fourth Est. Pub. Benefit Corp. v. Wall-Street.com, LLC*, 586 U.S. 296, 301 (2019) (citing 17 U.S.C.A. § 411(a)); *see also Kodadek v. MTV Networks, Inc.*, 152 F.3d 1209, 1211 (9th Cir. 1998) (valid copyright registration is a prerequisite to bringing copyright infringement claims); *Yellowcake, Inc. v. Morena Music, Inc.*, 522 F. Supp. 3d 747, 759 (E.D. Cal. 2021) (same). Plaintiff asserts that it holds a valid registration for the sound recording "Moonraker," but admits that registration was supposedly issued in Plaintiff's name before Plaintiff came into existence and before it received assignment of the copyright. SAC ¶¶ 34-35, Ex. A. Plaintiff vaguely alleges that "all . . . prior actions" taken in its name were ratified upon Plaintiff's formation and that Mr. Hirose "assigned all right, title, and interest . . . in "Moonraker" and all causes of action for past, present, and future infringement . . . to Hirose Enterprises LLC" on August 6, 2025. SAC ¶¶ 34-35. But Plaintiff cannot retroactively validate a copyright registration issued to an entity that *did not own the copyright* at the time of registration through post-hoc "ratification." *See* 17 U.S.C.A. § 408(a) ("the *owner* of copyright or of any exclusive right in the work may obtain registration of the copyright") (emphasis added); *see also* 37 C.F.R. § 202.3(a)(3) (a copyright claimant is either "(i) The author of a work; (ii) A person or organization that *has obtained ownership* of all rights under the copyright initially belonging to the author.") (emphasis added).

And despite three rounds of pleading, Plaintiff *still* fails to plausibly allege that it is the *current* legal owner of the "Moonraker" work. "Only the 'legal or

beneficial owner of an exclusive right under a copyright' has standing to sue for infringement of that right." *Yellowcake, Inc.*, 522 F. Supp. 3d at 759 (quoting *Righthaven*, 716 F.3d at 1169); *see also* 17 U.S.C.A. § 501. One of the "elements [that] must be proven" for copyright infringement is "ownership of a valid copyright." *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991).

*First*, Plaintiff still does not plausibly allege a written transfer of the copyrights in "Moonraker" necessary to support its claims. Plaintiff's chain-of-title in the FAC depended on two purported transfers: a transfer from Holiday to Soundmen around 1998 and an assignment from Soundmen to Plaintiff "in approximately 2008." FAC ¶¶ 18, 20. Now, in the SAC, Plaintiff's chain-of-title depends on three purported transfers, two of which are brand new: a first transfer from Holiday to Soundmen in 1998 (now allegedly signed and in writing), a second transfer from Soundmen to Mr. Hirose at an unspecified point "prior to the dissolution" of Soundmen, and a third transfer from Mr. Hirose to Plaintiff on August 6, 2025 (allegedly signed and in writing). SAC ¶¶ 31–34. Notably, the 2008 assignment from Soundmen to Plaintiff alleged in the FAC now apparently did not occur. Indeed, the SAC excises this assignment wholesale, which Plaintiff previously claimed established its ownership in "Moonraker." *See* Original Compl. ¶ 16; FAC ¶ 20.

Plaintiff now relies on a new intermediate transfer from Soundmen to Mr. Hirose at an unknown date "prior to" Soundmen's dissolution, SAC ¶ 33, but that intermediate transfer, of course, is found nowhere in either the Original Complaint or FAC or Plaintiff's prior opposition papers (including the sworn declaration from Mr. Hirose). Plaintiff cannot simply discard its prior allegations because they are fatally flawed. *See* ECF No. 61 at 11 (acknowledging that neither Soundmen nor Plaintiff legally existed at the time of the alleged assignment); *see also Morales v.*

*City & Cnty. of San Francisco*, 603 F. Supp. 3d 841, 846–48 (N.D. Cal. 2022) (amended complaint's allegations implausible because they were "difficult to reconcile with the previous complaints").

But even setting temporarily aside the implausibility of these new allegations, Plaintiff does not allege that the new, pre-dissolution transfer from Soundmen to Mr. Hirose was ever memorialized in writing or signed, as required under 17 U.S.C. section 204(a).  This alone is sufficient to defeat Plaintiff's claims.  *See Konigsberg Int'l Inc. v. Rice*, 16 F.3d 355, 357–58 (9th Cir. 1994) (affirming dismissal because "a transfer of copyright is simply 'not valid' without a writing" that was "substantially contemporaneous with the oral agreement" (citing 17 U.S.C. § 204(a)); *Yellowcake, Inc.*, 522 F. Supp. 3d at 762 ("The absence of a written transfer agreement defeats both [Plaintiff's] standing to pursue, and substantive claim of, copyright infringement").

*Second*, the SAC's new chain-of-title allegations are facially implausible and self-contradictory.[7]  As such, the Court need not—and should not—accept them as true.  *See Wuxi Multimedia, Ltd. v. Koninklijke Philips Elecs., N.V.*, 2006 WL 6667002, at *9 (S.D. Cal. Jan. 5, 2006) (where "allegations are internally inconsistent, the Court need not accept them as true"); *Sapphire Crossing LLC v. Abbyy USA Software House, Inc.*, 497 F. Supp. 3d 762, 765–66 (N.D. Cal. 2020) (courts "not require[d] . . . to accept implausible claims").  For example, Plaintiff does not allege a specific date on which the transfer from Soundmen to Mr. Hirose occurred.  The SAC states only that the transfer occurred (conveniently) sometime

---

[7] In addition to the myriad of inherent contradictions in Plaintiff's pleadings, Plaintiff has yet to provide a copy of a single written agreement to substantiate its claims, despite Parkwood's repeated requests.  *See* Washington Decl. ¶ 8.  Indeed, Plaintiff's counsel admits that he has not seen nor reviewed any of the agreements that allegedly transfer the rights at issue in the SAC from Holiday to Soundmen, from Soundmen to Mr. Hirose, or from Mr. Hirose to Plaintiff and that the 1998 "agreement" has been lost or destroyed.  *See id.* ¶¶ 6, 7.  Plaintiff's counsel confirmed that the only agreement he has purportedly seen or reviewed is the 2015 "memorialization" agreement referenced in the SAC.  *See id.* ¶ 6; *see also* SAC ¶ 37.  Despite Parkwood's repeated requests for that agreement, Plaintiff's counsel has never produced it.  Washington Decl. ¶ 8.

"[p]rior to the dissolution of Soundmen." SAC ¶ 33. Yet, it was only after Parkwood pointed out that neither Soundmen nor Plaintiff existed at the time the FAC alleged Soundmen assigned its rights in "Moonraker" to Plaintiff that Plaintiff ginned up this new, undated and undocumented intermediate transfer to address that gap in its claimed chain-of-title. *Id.*; *see* ECF No. 38 at 4–5, ECF No. 47 at 5. Absent any specific factual allegations that would support the existence of this intermediate transfer—and explain its absence from the Original Complaint and the FAC—the Court should not view this allegation as anything other than a sham. *See Stanislaus Food Prods. Co. v. USS-POSCO Indus.*, 782 F. Supp. 2d 1059, 1076 (E.D. Cal. 2011) (amended allegations of a newly alleged agreement dismissed because "in light of the prior allegations, the plaintiff [needed to] allege more factual support for the [new agreement]").

Plaintiff's allegations regarding the subsequent transfer from Mr. Hirose to Plaintiff fare no better. According to Plaintiff, this transfer did not occur until August 6, 2025. SAC ¶ 34. Indeed, Plaintiff alleges that *Mr. Hirose* had "continuous" ownership and control of the copyright from 2002 until that time. SAC ¶ 34. But in the same breath, Plaintiff alleges that "*Plaintiff* has maintained continuous ownership, control, and monetization" of "Moonraker" for "more than twenty-five years." *Id.* ¶ 30; *see also id.* ¶ 36. The assertion that Plaintiff has controlled "Moonraker" for two-and-a-half decades makes little sense in light of Plaintiff's concession that it was only formed in August 2025 and that it did not receive assignment of the copyright until then. *Id*. ¶ 34. This allegation is also inconsistent with the statements in Mr. Hirose's sworn declaration that *Soundmen on Wax* has controlled "Moonraker" since 1998. *See* ECF No. 42-1 ¶ 3. The Court need not credit these internally contradictory and thus implausible allegations. *See Marchioli v. Pre-employ.com, Inc.*, 2017 WL 8186761, at *19 (C.D. Cal. June 30,

2017) (explaining that contradictory allegations are "inherently implausible" and insufficient to survive a motion to dismiss).

*Third*, Plaintiff's SAC allegations directly contradict its prior pleadings. As this Court has already held, in the face of such conflicts, Plaintiff's earlier allegations—which defeat its claims—must control. ECF No. 61 at 11 ("[A] party cannot amend pleadings to directly contradict an earlier assertion made in the same proceeding." (internal quotation marks omitted)). For example, Plaintiff's allegations concerning Holiday's ownership (or lack thereof) in "Moonraker," suggests Plaintiff is making it up as it goes. The Original Complaint alleged that Holiday retained a 50 percent ownership interest in the "Moonraker" composition and that Soundmen assigned to Plaintiff only "½ ownership of the publishing rights to the composition, 'Moonraker.'" Original Compl. ¶¶ 16, 39. Once alerted to the fact that Holiday's remaining ownership interest necessarily defeated its claims, Plaintiff amended its allegations, asserting instead that Holiday transferred "all" rights in the composition of "Moonraker" to Soundmen, which included "100% ownership of . . . the publishing rights to the composition." FAC ¶¶ 18, 20. Plaintiff's Opposition to Parkwood's Motion to Dismiss the FAC reverted to the Original Complaint, asserting that Holiday did possess a "50% ownership." ECF No. 61 at 11; *see* ECF No. 42-1 ¶ 2.

Now, the SAC characterizes Holiday's rights as limited to a mere "revenue-sharing arrangement" that "did not constitute a retention by Holiday of any co-ownership interest in the copyright." SAC ¶ 20. According to Plaintiff, Mr. Hirose and Holiday signed an agreement in 2015 concerning a *different* sound recording that purportedly confirmed the purported "100% master recording ownership by Soundmen on Wax" and the 50/50 revenue split. *Id.* ¶ 37. This supposed 2015 Agreement did not appear in the FAC, but instead was first (improperly) raised in Plaintiff's Opposition to Parkwood's Motion to Dismiss the FAC. *See* ECF No. 42

at 2.  Not only do the allegations concerning the 2015 Agreement plainly contradict Plaintiff's prior allegations conceding Holiday's ownership in "Moonraker," *see* Original Compl. ¶ 16, but it is unclear how Soundmen's alleged 100% ownership could have been "confirmed and acknowledged" thirteen years after its dissolution. *See* ECF No. 61 at 11 ("The dissolution of Soundmen effectively renders Soundmen's inability to hold intellectual property rights as the entity no longer existed.").  Because these allegations are "at odds" with the allegations in Plaintiff's Original Complaint, they cannot salvage Plaintiff's claims.  *Id.* at 11-12; *see also Harbridge v. Schwarzenegger*, 2012 WL 13252724, at *7 (C.D. Cal. Jan. 4, 2012) ("where allegations in an amended complaint contradict those in a prior complaint, a district court need not accept the new alleged facts as true, and may, in fact, strike the changed allegations as false and sham.") (quotations omitted); *Wong v. Flynn-Kerper*, 2019 WL 4187375, at *4 n.2 (C.D. Cal. May 16, 2019) ("any subsequent complaint must only allege facts consistent with prior pleadings").  In light of these conflicts, the SAC's contradictory allegations cannot be credited, and Plaintiff's Original Complaint—which conceded Holiday's 50% ownership of the publication rights of "Moonraker"—must control.  As this Court has already held, because a co-owner "had the right to license the copyright material to Parkwood," that binding admission defeats Plaintiff's infringement claims.  ECF No. 61 at 12 n.4; *see Oddo v. Ries*, 743 F.2d 630, 633 (9th Cir. 1984) ("[E]ach co-owner has an independent right to use or license the use of the copyright."); *Morrill v. Smashing Pumpkins*, 157 F. Supp. 2d 1120, 1126–27 (C.D. Cal. 2001) ("a non-exclusive licensee of a copyright co-owner, therefore cannot be subject to copyright infringement for its use of [the licensed copyright]").

This Court previously held that "[Plaintiff] lacks statutory standing under Section 204(a)" because it had failed to plausibly allege a chain-of-title memorialized in writing from Holiday to Plaintiff.  ECF No. 61 at 12.  That remains

true.  Plaintiff's claims should accordingly be dismissed.  *See Sybersound Records, Inc. v. UAV Corp.*, 517 F.3d 1137, 1144–46 (9th Cir. 2008) (affirming dismissal with prejudice where plaintiff failed to plausibly allege that it was either an owner or exclusive licensee of the asserted copyrights).

### C.   Plaintiff Fails To Plausibly Allege Secondary Infringement

As a threshold matter, Plaintiff's failure to allege any unauthorized use of a work that it owns dooms its secondary infringement claim.  To establish a claim for secondary infringement, a plaintiff "must establish that there has been direct infringement by third parties."  *See Perfect 10, Inc. v. Amazon.com, Inc*., 508 F.3d 1146, 1169 (9th Cir. 2007).  Plaintiff's secondary infringement claims should be dismissed for this reason alone.

But even if the Court determines that Plaintiff has plausibly alleged direct infringement (it has not), Plaintiff's contributory infringement claim fails because the SAC is devoid of specific factual allegations that Parkwood knew or had reason to believe Holiday was not a bona fide owner of "Moonraker" entitled to license its use to Parkwood.  Plaintiff offers the conclusory allegation that, "[u]pon information and belief, Parkwood knew or should have known, through the exercise of reasonable due diligence, that the copyright in 'Moonraker' was owned by Plaintiff . . . not by Holiday."  SAC ¶ 53.  But under Plaintiff's own allegations, Plaintiff did *not* own "Moonraker" until August 6, 2025. *Id.* ¶ 34.  It is implausible that exercising "reasonable due diligence" in 2022, when Holiday granted Parkwood a license to use "Moonraker," would have uncovered Plaintiff's ownership interest that did not arise until three years later.

Thus, Parkwood could not have known that "Alien Superstar" was purportedly infringing and could not have intended to induce infringement.  Under either the "knowledge plus material contribution" standard for contributory infringement previously applied in the Ninth Circuit, *see Perfect 10, Inc. v. Visa*

*Intern. Service Ass'n*, 494 F.3d 788, 795 (9th Cir. 2007), or the standard recently articulated by the U.S. Supreme Court in *Cox Communications, Inc. v. Sony Music Ent.*, 607 U.S. ___, 146 S. Ct. 959, 967 (2026) (contributory liability attaches only if the defendant induced infringement by actively encouraging infringement through specific acts or offered a service tailored to infringement), Plaintiff's contributory infringement claim should be dismissed.

### D.    The SAC Should Be Dismissed With Prejudice

Plaintiff has had three opportunities to allege ownership and infringement of "Moonraker."   Plaintiff's failure to do so—despite repeated notifications of the pleading deficiencies from Defendants and this Court—underscores Plaintiff's inability to do so.  These deficiencies in Plaintiff's claims cannot be cured through further amendment, and dismissal with prejudice is appropriate.  *See Crafty Prods., Inc. v. Fuqing Sanxing Crafts Co.*, 839 F. App'x 95, 98 n.3 (9th Cir. 2020) (affirming denial of leave to amend copyright claims where there was a repeated failure to cure deficiencies by previous amendment).   Rather than "set[ting] forth additional allegations detailing the purported copyright transfers" that the Court found insufficiently pled, ECF No. 61 at 15, the SAC introduces *new*, equally insufficient purported transfers and only further undermines Plaintiff's claims.  Plaintiff now concedes facts establishing that it lacks Article III standing.  *See* section IV.B *supra*. Likewise, Plaintiff lacks standing under the Copyright Act to maintain its claims because it once again fails to plead a chain of title supported by written and signed transfers, as required to establish any ownership in the "Moonraker" copyright, that does not directly contradict the defective chain of title alleged in its Original Complaint and FAC.  And Plaintiff cannot plead around its concession in the Original Complaint that Holiday is a co-owner of the at-issue copyright and was thus entitled to license it to Parkwood.  *See* section IV.B *supra*; ECF No. 61 at 12 n.4.  At this juncture, this Court "must conclude that . . . further leave to amend would be

futile" and dismiss Plaintiff's claims against Parkwood with prejudice. *Campolo v. Duel*, 2023 WL 2558562, at \*7 (C.D. Cal. Jan. 11, 2023) (Frimpong, J.) (dismissing claims with prejudice after three attempts); *see also G.B. by & through G.P. v. United States Env't Prot. Agency*, 2026 WL 959839, at \*15 (9th Cir. Apr. 9, 2026) (affirming dismissal with prejudice because "further amendment would be futile" where allegations had "structural deficiencies inherent to Plaintiffs' standing theories" and "deep, fundamental flaws at odds with principles of Article III standing") (quotations omitted).[8]

## V.    CONCLUSION

For the foregoing reasons, Parkwood respectfully requests that the Court dismiss all claims asserted against it in the SAC with prejudice.

Dated: May 6, 2026

LATHAM & WATKINS LLP

By:/s/ *Laura R. Washington*

Laura R. Washington (Bar No. 266775)
 *laura.washington@lw.com*
Brittany N. Lovejoy (Bar No. 286813)
 *brittany.lovejoy@lw.com*
Dixon M. Carvalho Anderson (Bar No. 333894)
 *dixon.carvalhoanderson@lw.com*
10250 Constellation Blvd, Suite 1100
Los Angeles, California 90067
Telephone (424) 653-5500
Facsimile: (424) 653-5501

*Attorneys for Defendant Parkwood Entertainment, LLC*

---

[8] *See also Yellowcake*, 522 F. Supp. 3d at 779 (dismissing copyright infringement claim without leave to amend due to lack of written transfer agreement); *Andersen v. Stability AI Ltd.*, 700 F. Supp. 3d 853, 863 (N.D. Cal. 2023) (dismissing copyright claims with prejudice when plaintiffs lacked valid copyright registration); *Hunley v. Instagram, LLC*, 2022 WL 298570, at \*2 (N.D. Cal. Feb. 1, 2022) (dismissing with prejudice where no underlying direct infringement necessary for secondary liability), *aff'd*, 73 F.4th 1060 (9th Cir. 2023).

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Parkwood Entertainment, LLC, certifies that this brief contains 6,377 words, which complies with Local Rule 11-6.1 and the word limit set by the Standing Order dated August 27, 2025.

Dated: May 6, 2026                    By: */s/ Laura R. Washington*
                                      Laura R. Washington