UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HIROSE ENTERPRISES, LLC, | Case No. 2:25-cv-06973-MEMF-AJR |
| Plaintiff, | **ORDER RE: MOTION TO DISMISS (ECF NO. 66)** |
| v. | |
| JOHN HOLIDAY, professionally known as FOREMOST POETS; PARKWOOD ENTERTAINMENT, LLC; SONY MUSIC ENTERTAINMENT; SONY MUSIC PUBLISHING (US), LLC; and W CHAPPELLL MUSIC CORP., doing business as WC MUSIC CORP., | |
| Defendants. | |

1

Defendant Parkwood Entertainment, LLC, moves to dismiss the second amended complaint of Plaintiff Hirose Enterprises, LLC. (Mot., ECF No. 66.) Plaintiff filed a brief opposing the motion, (Opp'n, ECF No. 70), and Parkwood filed a reply, (Reply, ECF No. 71). Defendants Sony Music Entertainment, Sony Music Publishing (US), LLC, and W Chappell Music Corp. join Parkwood's positions on the motion. (Joinder of Mot., ECF No. 67; Joinder of Reply, ECF No. 72.) Defendant John Holiday is in default and has not participated in the motion briefing. (Default by Clerk, ECF No. 33.) The presiding judge referred the motion to the undersigned judge for determination. (Notice to the Parties, ECF No. 73.) The Court deems the motion appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.

## I.      BACKGROUND

This is a copyright and contract dispute. Broadly, Plaintiff claims Defendants infringed its copyright interests in the sound recording and musical composition "Moon-Raker (Main Mix)" by sampling the work's spoken-word introduction in the sound recording and musical composition "Alien Superstar" by Beyoncé. (*See generally* SAC, ECF No. 64.)

Plaintiff initiated this action on July 29, 2025. (Compl., ECF No. 1.) Plaintiff did not exist on that date; as alleged for the first time in the operative second amended complaint, Plaintiff was organized in Florida on August 6, 2025. (SAC ¶ 6.)

In connection with its briefing, Plaintiff submits a declaration of its principal, Shuji Hirose, who avers that a similarly named limited liability company organized in Delaware, Hirose Enterprise LLC, held the asserted copyright interest at the time Plaintiff filed the complaint. (Hirose Decl. ¶¶ 2, 9–10, 22–24, ECF No. 70-1; *see also* SAC Ex. A, ECF No. 64-1 (naming "Hirose Enterprise, LLC," as the copyright claimant).)

///

## II. LEGAL STANDARD

Only the standard governing Rule 12(b)(1) motions needs to be recited here. Federal Rule of Civil Procedure 12(b)(1) authorizes a party to seek dismissal of an action for lack of standing. *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1121 (9th Cir. 2010). In the context of a Rule 12(b)(1) motion, the plaintiff bears the burden of establishing Article III standing to assert the claims. *Id.* at 1122.

When a motion to dismiss attacks subject-matter jurisdiction on the face of the complaint, a court must assume the factual allegations in the complaint are true and draw all reasonable inferences in the plaintiff's favor. *Doe v. Holy See*, 557 F.3d 1066, 1073 (9th Cir. 2009). Moreover, the standards set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), apply with equal force to Article III standing challenged on the face of the complaint. *See Terenkian v. Republic of Iraq*, 694 F.3d 1122, 1131 (9th Cir. 2012) (applying *Iqbal*). In other words, the complaint must clearly allege each element of standing with "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570); *see Namisnak v. Uber Techs., Inc.*, 971 F.3d 1088, 1092 (9th Cir. 2020).

## III. DISCUSSION

Please do not be alarmed, remain calm: like the DJ booth referenced in the works at issue, this district judge must conduct a troubleshoot test of the entire system—that is, a jurisdictional inquiry—before reaching any of the parties' merits arguments. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999) ("[J]urisdiction generally must precede merits in dispositional order[.]"); *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012) (obliging courts to examine subject-matter jurisdiction issues sua sponte); *Carijano v. Occidental Petrol. Corp.*, 643 F.3d 1216, 1227 (9th Cir. 2011) ("Article III standing is a species of subject matter jurisdiction.").

3

Parkwood contends that Plaintiff lacks standing to prosecute this case because it did not exist and did not own the asserted copyright interest at the time it filed suit. (Mot. 10–11.) "Under Article III of the Constitution, a plaintiff needs a 'personal stake' in the case." *Biden v. Nebraska*, 600 U.S. 477, 489 (2023) (quoting *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021)). "'[T]he irreducible constitutional minimum of standing contains three elements': injury in fact, causation, and redressability." *Diamond Alt. Energy, LLC v. EPA*, 606 U.S. 100, 111 (2025) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)). Courts assess standing "as of the time when [the plaintiff] commenced suit, relying on the allegations in the operative . . . complaint." *Gonzalez v. U.S. Immigr. & Customs Enf't*, 975 F.3d 788, 803 (9th Cir. 2020); *see also Davis v. FEC*, 554 U.S. 724, 734 (2008) ("[T]he standing inquiry remains focused on whether the party invoking jurisdiction had the requisite stake in the outcome when the suit was filed.").

Plaintiff admits in the operative complaint that it was not organized until after it initiated this action. (*See* SAC ¶ 6.) Plaintiff had no legal existence at the time it brought suit, *see* Fla. Stat. Ann. § 605.0201(4) ("A limited liability company is formed when the company's articles of organization become effective . . . and when at least one person becomes a member at the time the articles of organization become effective."), so it cannot have held a stake in the outcome of the litigation at the time it filed the complaint, *see Davis*, 554 U.S. at 734. Plaintiff freely concedes this as a "defect" in its papers, (Opp'n 5, 10, 22), so the Court deems the standing issue conceded, *see, e.g., John-Charles v. California*, 646 F.3d 1243, 1247 n.4 (9th Cir. 2011) (deeming issue waived where party "failed to develop any argument"); *City of Arcadia v. EPA*, 265 F. Supp. 2d 1142, 1154 n.16 (N.D. Cal. 2003) ("[T]he implication of this lack of response is that any opposition to this argument is waived.").

Notwithstanding, Plaintiff contends that Hirose Enterprise LLC can be joined or substituted into the action to cure any standing defect. (Opp'n 10–11.) Plaintiff signaled over a month ago that it would move to join Hirose Enterprise LLC and Shuji Hirose as

4

plaintiffs, but it has not done so. (*Id.* at 23.) Without a properly noticed motion by Plaintiff or the proposed new parties, the Court is left with a defective pleading and no party with standing to prosecute the asserted claims. *See United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020) ("[W]e rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." (internal quotation marks omitted)); *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) ("The art of advocacy is not one of mystery. Our adversarial system relies on the advocates to inform the discussion and raise the issues to the court."); *Smith v. Premiere Valet Servs., Inc.*, No. 2:19-cv-09888-CJC-MAA, 2020 U.S. Dist. LEXIS 228465, at *42 (C.D. Cal. Aug. 4, 2020) (collecting cases for the proposition that "a request for affirmative relief is not proper when raised for the first time in an opposition").

Further, the Court doubts that joinder of a real party in interest can be accomplished under Federal Rule of Civil Procedure 17(a)(3) where the plaintiff that originated the suit lacks constitutional standing. Although the Second Circuit has endorsed such joinders, even that court recognized that "[t]he far more common view is the so-called 'nullity doctrine' . . . , which says that a case initiated in the name of a plaintiff that lacks standing is an incurable nullity." *Fund Liquidation Holdings LLC v. Bank of Am. Corp.*, 991 F.3d 370, 386 (2d Cir. 2021) (citing *Zurich Ins. Co. v. Logitrans, Inc.*, 297 F.3d 528 (6th Cir. 2002)). The parties do not cite, and the Court has not found, Ninth Circuit authority adopting the nullity doctrine. Nonetheless, binding precedents treat Rule 17 capacity and real party in interest issues as distinct from Article III standing concerns, *Kent v. N. Cal. Reg'l Off. of Am. Friends Serv. Comm.*, 497 F.2d 1325, 1329 (9th Cir. 1974) ("Rule 17(a) does not give them standing; real party in interest is very different from standing." (internal quotation marks omitted)); *Summers v. Interstate Tractor & Equip. Co.*, 466 F.2d 42, 50 (9th Cir. 1972) ("The question of a litigant's capacity or right to sue or to be sued generally does not affect the subject matter jurisdiction of the district court."), and teach that "[i]f jurisdiction is lacking at

the outset, the district court has no power to do anything with the case except dismiss," *Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988) (internal quotation marks omitted).

The Court grants Parkwood's motion in substantial part.[1] The standing issue is dispositive as to all claims Plaintiff asserts, so the Court exercises its authority to dismiss the entire action. *See Thaler*, 565 U.S. at 141; *Silverton v. Dep't of Treasury*, 644 F.2d 1341, 1345 (9th Cir. 1981) ("A District Court may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants . . . ."). The Court "is powerless to grant leave to amend" because it never had subject-matter jurisdiction to adjudicate this case. *Morongo Band of Mission Indians*, 858 F.2d at 1380 n.2.

## IV.   CONCLUSION

The Court grants the motion and dismisses the action for want of standing. The Court directs the Clerk to enter judgment consistent with this Order.

**IT IS SO ORDERED.**

Dated: June 26, 2026

_____
MARK C. SCARSI
UNITED STATES DISTRICT JUDGE

---

[1] Although Parkwood seeks dismissal "with prejudice," (Mot. 11), jurisdictional dismissals are generally without prejudice, *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017).